■ ADAM C. HECK et al., as Trustees of Chase Manhattan Mortgage and Realty Trust, Respondents-Appellants, v COVERLEY PROPERTIES, INC., et al., Defendants, and FREDERICK DE MATTEIS, Appellant-Respondent.—Cross appeals from an order of the Supreme Court, New York County, entered January 7, 1977 and from the judgment thereon entered January 19, 1977, unanimously dismissed, without costs and without disbursements. The amended judgment, entered April 6, 1977, from which the parties have also cross-appealed is unanimously modified, on the law and on the facts, to the extent of denying recovery of real estate taxes accruing after April 7, 1975 and is otherwise affirmed, all without costs and without disbursements. Defendant-appellant De Matteis, a guarantor of a loan to defendant Coverley Properties, Inc., secured by a real property mortgage, agreed "to be personally liable for payment of all real estate taxes affecting the property included in the mortgaged premises and for payment of all interest on the loan." The

principal amount of the loan, evidenced by the corporate defendant's note and due April 7, 1975, was not guaranteed. Although the usury defense is unavailable to De Matteis, since it is an obdurate principle of suretyship law that the liability of a guarantor "is to be strictly construed" (57 NY Jur, Suretyship and Guaranty, § 104), he cannot be held liable for interest payments accruing after the maturity date of the loan for he did not expressly undertake such obligation; otherwise the contract to guaranty interest could become "as burdensome as * * * a guaranty of * * * the principal" (*Hamilton v Van Rensselaer,* 43 NY 244, 247). On the same reasoning, De Matteis should not be held liable for real estate taxes accruing after the note's maturity for an explicit undertaking on his part, to pay those taxes is lacking. Concur—Birns, J. P., Evans, Lane, Yesawich and Sandler, JJ.