■ In the Matter of NANCY MCNULTY, Respondent, v MERCHANTS MUTUAL INSURANCE COMPANY, Appellant.—Appeal from an order of the Supreme Court, Suffolk County, dated December 18, 1979, dismissed, with $50 costs and disbursements. An appeal does not lie from an order denying a motion to reargue. Hopkins, J. P., Mangano, O'Connor and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE AVERY, Appellant.—Judgment of the Supreme Court, Kings County, rendered February 9, 1978, affirmed (see *People v Finlayson,* 76 AD2d 670). Rabin, J. P., Cohalan, O'Connor and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBERT BOYD, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 22, 1979, convicting him of robbery in the third degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606.) Hopkins, J. P., Mangano, O'Connor and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND S. DEACON, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered May 19, 1978, convicting him of criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The various bags of marihuana were properly admitted in evidence. The testimony at trial established that the evidence was identical to that involved in the crime and that it had not been tampered with (see *People v Julian,* 41 NY2d 340; *People v Connelly,* 35 NY2d 171). Mollen, P. J., Lazer, Cohalan and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BARRY FINNERTY, Respondent.—Appeal by the People, as limited by their brief, from sentences of the County Court, Westchester County, imposed October 15, 1979, upon defendant's convictions of forgery in the second degree and criminal possession of a forged instrument in the second degree (both class D felonies), upon a jury verdict, the sentences being concurrent indeterminate terms of imprisonment of from one and one-half to three years. (Defendant was sentenced as a second felony offender.) Sentences vacated, on the law, and matter remitted to the County Court, Westchester County, for resentencing in accordance with section 70.06 of the Penal Law. The trial court imposed sentence under the erroneous impression that a sentence of one and one-half to three years' imprisonment was the legal minimum for a second felony offender convicted of a class D felony (see Penal Law, § 70.06, subd 3, par [d]; subd 4, par [b]). We do not agree with defendant's contention that any sentence greater than this, when imposed upon an individual with his prior record, would constitute "cruel and inhuman punishment". Mollen, P. J., Lazer, Cohalan and Margett, JJ., concur.