■ JACK J. WALKER et al., as Executors of JOSEPH HARRIS, Deceased, Appellants, v RONALD ROTH, Respondent, et al., Defendants. — In an action to foreclose a mortgage, plaintiffs appeal (1) from an order of the Supreme Court, Suffolk County (D'Amaro, J.), dated March 23, 1981, which granted the motion of defendant Ronald Roth to dismiss the complaint as to him and (2) as limited by their brief, from so much of a further order of the same court, dated April 23, 1981, as denied their motion for reargument. Appeal from the order dated April 23, 1981, dismissed. No appeal lies from an order denying a motion to reargue (*Matter of McNulty v Merchants Mut. Ins. Co.,* 78 AD2d 554; *Matter of Bucksbaum v County of Nassau,* 75 AD2d 869). Order dated March 23, 1981 affirmed. Respondent is awarded one bill of $50 costs and disbursements. Special Term properly dismissed plaintiffs' complaint as against defendant Ronald Roth. Plaintiffs joined Roth as a defendant in this foreclosure action, alleging that he was a coguarantor of the obligation secured by the mortgage who could be liable for any deficiency due and owing after the foreclosure sale (RPAPL 1313, 1371, subd 1). There is, however, no evidence in the record of any written guarantee executed by Roth whereby he promised to pay plaintiffs all or part of the debt secured by the mortgage executed by S.H.R. Properties Corp., in the event of a default by that company. A guarantee of a debt underlying a mortgage is a "special promise to answer for the debt, default or miscarriage of another person" which is unenforceable under the Statute of Frauds unless it is embodied in a written note or memorandum subscribed by the party sought to be charged (General Obligations Law, § 5-701, subd a, par 2). The only written guarantee executed by Roth, included in the record, relates to a loan to S.H.R. Properties Corp., by a bank which is not a party to this action. Plaintiffs have produced no written evidence that this guarantee by Roth is applicable to the instant foreclosure action. Roth, as a guarantor, should not be bound beyond the express terms of his written guarantee (*Wesselman v Engel Co.,* 309 NY 27; *Heck v Coverly Props.,* 64 AD2d 561). Titone, J. P., O'Connor, Thompson and Bracken, JJ., concur.

■ WALTER J. SCHLOSS ASSOCIATES, Appellant, v DANIEL BERLIN, Defendant, and ARKWIN INDUSTRIES, INC., Respondent. — Appeal from an order of the Supreme Court, Nassau County (Lockman, J.), dated October 2, 1981 dismissed. Said order was superseded by an order of the same court dated March 2, 1982 which was entered upon reargument. Order dated March 2, 1982 affirmed, insofar as appealed from. No opinion. Respondent is awarded one bill of $50 costs and disbursements. Damiani, J. P., Thompson, Bracken and Boyers, JJ., concur.