THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BATTLE, Appellant. — Appeal by defendant from a sentence of the Supreme Court, Queens County (Beldock, J.), imposed August 6, 1980, upon his conviction of robbery in the first degree, after a plea of guilty, the sentence being an indeterminate term of imprisonment of from 6 to 12 years. Sentence reversed, as a matter of discretion in the interest of justice, and matter remitted to the Supreme Court, Queens County, for resentence in accordance with section 70.06 of the Penal Law. While there is no doubt that the sentence at issue was legally permissible, it was imposed under the court's erroneous impression that an indeterminate sentence of from 6 to 12 years' imprisonment was the legal minimum for a second felony offender convicted of a class B felony (see Penal Law, § 70.06, subd 4, par [b]; cf. People v Finnerty, 78 AD2d 554). We have considered the other issues raised by defendant, including his contention that the sentence imposed was excessive, and find them to be without merit. Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BREW, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered April 6, 1981, convicting him of criminal sale of a controlled substance in the second degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel, as well as defendant's own admission in his letter to counsel dated August 31, 1982, that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf. People v Gonzalez, 47 NY2d 606). Weinstein, J. P., Gulotta, Niehoff and Rubin, JJ., concur.