**In re Patrick GORMAN and Nora T. Gorman, Debtors.**

**Bankruptcy No. 881–81822–18.**

United States Bankruptcy Court, E.D. New York.

March 3, 1986.

Zinker & Stern, Smithtown, N.Y., for debtors.

Cullen & Dykman, Garden City, N.Y., for Creditor, Continental Bank.

## DECISION & ORDER

C. ALBERT PARENTE, Bankruptcy Judge.

On July 8, 1981, Continental Bank (hereinafter "creditor") moved for an order dismissing the debtors' Chapter 13 case on the grounds that the debtors exceeded the $100,000 unsecured debt limit as prescribed in 11 U.S.C. § 109(e). By decision of this court, dated April 15, 1982, creditor's motion was dismissed for failure to establish by a preponderance of the evidence that the debtors' assets, either jointly or severally, exceeded the statutory limit. On appeal, U.S. District Court Judge Mishler remanded the case with instructions that this court indicate the findings of fact on which its decision was based.

## FINDINGS OF FACT

1. The debtors in this case are husband and wife, and they filed a joint Chapter 13 petition pursuant to 11 U.S.C. § 302 on May 27, 1981.

2. For the purposes of the motion presently before this court, the parties, by their attorneys, have stipulated that the following are the material facts upon which such motion is to be determined:

a. Each of the debtors at the time of filing the petition herein had noncontingent, liquidated unsecured debts in excess of $53,000, excluding their indebtednesses to Marine Midland Bank and Continental Bank.

b. Each of the debtors at the time of filing the petition herein jointly and severally owed to Marine Midland Bank a noncontingent liquidated debt in the amount of $65,000, on which indebtedness another husband and wife were also jointly and severally obligated.

c. To secure the said indebtedness, and as a consideration of the obtaining of the same, the debtor, Patrick F. Gorman, had theretofore granted to Marine Midland Bank a valid real property mortgage covering premises located on Hawkins Avenue in Lake Ronkonkoma, Suffolk County, New York, as to which property the said Patrick F. Gorman owned a one-half interest as a tenant-in-common.

d. Each of the debtors at the time of filing the petition herein jointly and severally owed to Continental Bank a noncontingent, liquidated debt in the amount of $75,000, as to which indebtedness another husband and wife were also jointly and severally obligated.

e. To secure the said indebtedness to Continental Bank, and as a consideration for obtaining the same, the debtor, Nora T. Gorman, had theretofore granted to Continental Bank a valid real property mortgage covering premises on Portion Road in Lake Ronkonkoma, Suffolk County, New York, as to which property the said Nora T. Gorman owned a one-half interest as a tenant-in-common.

3. By further stipulation, the parties articulate the issue to be decided in this case as follows:

Are a husband and wife entitled to maintain a joint Chapter 13 proceeding where each debtor separately owns real property covered by a separate mortgage securing a separate obligation if each spouse guarantees the secured obligation of the other, neither guaranty is separately secured, and the combined secured obligation of both spouses is under $350,-000.00

## CONCLUSIONS OF LAW

■ 1. The debts jointly owed by the debtors to Marine Midland Bank and the

374

creditor, respectively, are secured as to both debtors.

Bankruptcy courts have consistently interpreted the phrase "secured debts," as appearing in § 109(e), to signify a debt to which collateral has been assigned as security. *See, Matter of Day,* 747 F.2d 405, 12 B.C.D. 852, 11 C.B.C.2d 733 (7th Cir. 1984), *In re Krull,* 54 B.R. 375 (Bankr.D. Col.1985), *Matter of Volpe,* 48 B.R. 255 (Bankr.M.D.Fla.1985), *In re Tucker,* 34 B.R. 257 (Bankr.W.D.Okla.1983). Under applicable New York State law governing the mortgages in question, a mortgage in real property is a common form of security for an underlying debt. *W.L. Dev. Corp. v. Trifort Realty, Inc.,* 44 N.Y.2d 489, 406 N.Y.S.2d 437, 377 N.E.2d 969 (1978). The Bankruptcy Code is in accord with the State law, defining the term "security interest" to include real estate mortgages. 11 U.S.C. § 101(43).

Black letter New York State law further provides that a mortgage secures an underlying debt regardless of whether the obligation is that of the mortgagor or of a third person. *See,* 38 N.Y.Jur., Mortgages and Deeds of Trust, § 52 at 96 (1964). There is nothing in any relevant section of the Bankruptcy Code or in the corresponding legislative history that directs this court to a contrary conclusion. *See,* H.R. No. 95–595, 95th Cong., 1st Sess. 318–20 (1977); 124 Cong.Rec. H 11, 091, S 17, 407 (1978); *see also,* 11 U.S.C. § 506; H.R. No. 95–595, 95th Cong., 1st Sess. 356 (1977), S.R. No. 95–989, 95th Cong., 2d Sess. 68 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

2. The status of each spouse as guarantor for the secured obligation of the other supports this court's finding above, to wit, that the debts in question are secured as to both debtors. New York State law provides by statute that a husband and wife may guaranty the debt obligation of the other. N.Y. General Obligations Law § 3–301. Moreover, the guaranty itself binds the guarantor to performance in the event of the non-performance of a principal obligor. There is no legal requirement that a guarantor separately secure this collateral obligation. *Accord, Walker v. Roth,* 90 A.D.2d 847, 456 N.Y.S.2d 95 (Sup.2d Dept.1982).

 3. The debtors' aggregate unsecured debts do not exceed the statutory limit of $100,000, and the aggregate of the debtors' secured debts do not exceed the statutory $350,000 limit. (Pursuant to 11 U.S.C. § 506(a), a creditor's claim is deemed secured to the extent of the value of the creditor's interest in the collateral. However, as evidenced by the stipulated facts and issue, neither party has sought a determination by this court as to the secured status of the two debts in question. For the purposes of the present case, this court assumes that each debt is fully secured by the respective mortgages covering property owned separately by the debtors.)

For all of the reasons stated above, the debtors are entitled to maintain their joint Chapter 13 proceeding. The creditor's motion to dismiss is denied.

It is SO ORDERED.