◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARDEAN THOMAS, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Miller, J.), both rendered March 21, 1990, convicting him of robbery in the first degree under Indictment No. 10832/88, upon a jury verdict, and robbery in the first degree under Indictment No. 3929/89, upon his plea of guilty, and sentencing him to consecutive indeterminate terms of 8 to 16 years and 2 to 6 years imprisonment, respectively.

Ordered that the judgment under Indictment No. 10832/88 is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance with Penal Law § 70.00 (2) and (3) (b), and § 70.02 (3) (a) and (4); and it is further,

Ordered that the judgment under Indictment No. 3929/89 is affirmed.

The defendant was convicted under Indictment No. 10832/88 of the crime of robbery in the first degree, a class B felony *(see,* Penal Law § 160.15) which has a possible indeterminate sentence range of a minimum of 2 to 6 years to a maximum of 8⅓ to 25 years (Penal Law § 70.02 [3] [a]; [4]). However, since the defendant's conviction was for a class B *armed* violent

felony, the court had the discretion to impose a prison term ranging from a minimum of 3 to 6 years to a maximum of 12½ to 25 years (Penal Law § 70.02 [4]). During sentencing, the court erroneously stated that the applicable minimum sentence was 6 to 12 years. The court then imposed an indeterminate sentence of 8 to 16 years. Since the court incorrectly interpreted the law with respect to the permissible range of sentences available to it, we deem it appropriate to vacate the sentence imposed under Indictment No. 10832/88 and remit for resentencing (see, People v Napolitano, 157 AD2d 675; People v Battle, 90 AD2d 852). We do not, however, pass upon the propriety of the sentence originally imposed.

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review, lacking in merit, or harmless under the circumstances of this case. Mangano, P. J., Sullivan, O'Brien and Ritter, JJ., concur.