In the matter of Peter G. **ARCHIBALD** Barbara F. Archibald, Debtors.

**The Coastal Bank of Georgia, Movant,**

**v.**

**Peter G. Archibald, Barbara F. Archibald, Respondents.**

**No. 03–22288.**

United States Bankruptcy Court, S.D. Georgia, Brunswick Division.

Jan. 27, 2004.

---

Robert H. Baer, Brunswick, GA, for Debtor.

## MEMORANDUM AND ORDER ON MOTION TO DISMISS

LAMAR W. DAVIS, JR., Chief Judge.

Debtors filed a voluntary petition under Chapter 13 on December 30, 2003. On December 31, 2003, The Coastal Bank of Georgia filed a Motion to Dismiss the case alleging that the filing constituted a bad faith filing, abusive of the bankruptcy process, and the matter was set for a hearing in Waycross, Georgia, on January 7, 2004. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 157. Based on the evidence and applicable authorities, I make the following Findings of Fact and Conclusions of Law in accordance with the directive of Bankruptcy Rule 7052.

### FINDINGS OF FACT

Debtors filed their petition on the eve of a foreclosure action being pursued by The Coastal Bank of Georgia seeking to execute a non-judicial foreclosure under state law on property pledged by the Debtors to Coastal.

Debtors listed on their Schedule D total secured debt of $1,646,000.00. Evidence presented at trial indicates that Debtors are obligated for additional, unscheduled secured debt of not less than $347,000.00 which brings their total secured debt obligation to over $1.9 million.

Among the assets listed by the Debtors in their schedules are (1) Debtors' residence which they valued in the schedules at $1,739,000.00, but as to which Mr. Archibald testified has a fair market value of $2,500,000.00; (2) a piece of commercial property which they valued in the schedules at $169,586.00, but which Mr. Archibald currently has on the market for $350,000.00 and believes will ultimately sell for $300,000.00; (3) Debtors' stock in a corporation in which they are each fifty percent shareholders which they valued in the schedules at $2,000.00. Evidence at the hearing revealed that the corporation owns an adult club in Dekalb County, Georgia, which Mr. Archibald testified generates approximately $24,000.00 per month in income to the Debtors and which he values at $4 million.

Based on the foregoing, the Movant argues that the Debtors are ineligible for relief under Chapter 13, that filing a Chapter 13 case merely to frustrate the foreclosure efforts of the Movant on the eve of foreclosure constitutes bad faith, and that the bad faith amounts to such an abuse of process as to authorize this Court under § 105 to dismiss the case with an injunction against refiling for a period of time.

### CONCLUSIONS OF LAW

11 U.S.C. § 109(e) establishes debt limitations for debtors seeking Chapter 13 relief. Debtors whose debts exceed the § 109(e) limitations must file under Chapter 11. 11 U.S.C. § 109(e) provides,

> [A]n individual with regular income and such individual's spouse, ... that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $290,525 and noncontingent, liquidated, secured debts of less than $871,550 may be a debtor under chapter 13 of this title.

Debtors and Debtors' counsel argued that their filing this case in which the debt limit clearly exceeds $871,550.00 was occasioned by a mistaken interpretation of subsection (e). They assert that they believed a husband and wife have the right to file Chapter 13 if each spouse individually owes $871,550.00 or less. That is, a couple would be eligible for relief if their combined debt was less than $1,743,100.00. However, this interpretation conflicts with the plain language of the statute which allows the individual and such individual's spouse to file if they owe debts that aggregate less than the monetary limitations. The debt limit in a joint case remains $871,550.00, and the Debtors' case far exceeds that limit. *See In re Gorman*, 58 B.R. 372, 374 (Bankr.E.D.N.Y.1986)(holding that aggregate of joint debtors' secured debt did not exceed statutory limit; therefore, debtors could maintain joint Chapter 13 proceedings); 2 Collier on Bankruptcy ¶ 109.06[4] (15th ed. rev. 2003)("[T]he limits are not doubled in a joint case."). Accordingly, the Debtors are ineligible for relief under Chapter 13.

Movant alleges that Debtors' petition was filed in bad faith; therefore, Debtor should be enjoined from filing for 180 days. Dismissal of a case is generally governed by 11 U.S.C. § 349, which preserves a debtor's right to refile a case "unless the court, for cause, orders otherwise...." As this Court noted in *In re James*, "[s]everal courts have considered the provisions of Section 349(a) and have held that the negative implication contained therein gives the courts the power to prevent future filings." *Nesmith v. James (In re James)*, No. 98–20139, 1998 WL 34064494, at *6 (Bankr.S.D.Ga. July 30, 1998)(Davis, J.).

Cause, while not specifically defined in the Code, is generally considered to include bad faith. *See, e.g., Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir.1999). Bad faith does not require a finding of actual fraud, malice, or scienter. *Shell Oil Co. v. Waldron (In re Waldron)*, 785 F.2d 936, 941 (11th Cir.1986). A judge should inquire as to "whether the debtor 'misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner.'" *Eisen v. Curry (In re Curry)*, 14 F.3d 469, 470 (9th Cir.1994)(quoting *Goeb v. Heid (In re Goeb)*, 675 F.2d 1386, 1390 (9th Cir.1982)). The Eleventh Circuit held that "the courts may consider any factors which evidence 'an intent to abuse the judicial process ...' or, in particular, factors which evidence that the petition was filed 'to delay or frustrate the legitimate efforts of secured creditors to enforce their rights.'" *Phoenix Piccadilly, Ltd. v. Life Ins. Co. of Va. (In re Phoenix Piccadilly, Ltd.)*, 849 F.2d 1393, 1394 (11th Cir.1988)(quoting *Albany Partners Ltd. v. Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670 (11th Cir. 1984)).

Under the provisions of § 105(a) a court may preclude a debtor from committing an abuse of process by barring the debtor's refiling for some stated period of time. *See In re Terrence Robinson*, 198 B.R. 1017, 1022 (Bankr.N.D.Ga.1996)( "The usual remedy for a bad faith filing is a dismissal pursuant to § 109(g), which works to prohibit the filing by a debtor of any case under Title 11 for a period of 180 days ... [A]uthority for such a dismissal arises under § 105(a), which empowers [the] court to issue any order, process or judgment which is necessary or appropriate to prevent abuse of the bankruptcy system."). 11 U.S.C. § 105(a) provides as follows:

(a) The court may issue any order, process, or judgment that is necessary or

appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

I construe the Debtors' actions in this case, under a clear line of authority in this Circuit and District, to constitute bad faith and an abuse of process for the following reasons:

1) The Debtors filed their case under Chapter 13 although they were clearly ineligible for relief under that chapter. Mr. Archibald's testimony suggested that he filed under Chapter 13 because he could not afford the additional costs of filing under Chapter 11. This explanation does not justify his violation of the clear eligibility provisions of § 109(e).

2) The case was filed on the eve of a foreclosure. While this pattern is unremarkable, inasmuch as many cases are filed in order for debtors to seek relief from actions of creditors, this factor combined with the blatant violation of the debt limit is significant.

3) Debtors grossly misrepresented the value of their assets in their schedules. The commercial property was undervalued by a significant factor, and their residence was undervalued by approximately one million dollars. Most significantly, Debtors undervalued their stock in their privately held corporation. The corporation generates $24,000.00 per month in income for the Debtors. Under any conservative valuation methodology, Mr. Archibald's estimate that the corporation is worth $4 million is not mere hyperbole, but is clearly a reasonable estimate of the value of that company. Furthermore, he testified that the company owes no debt. Concealment of an asset of this value, coupled with the other factors, clearly evidences bad faith in the execution of the schedules which are executed under penalty of perjury.

Because of business reversals in a restaurant they operate in Glynn County which is in a pending Chapter 11 case, Debtors have experienced cash flow problems and have fallen behind in making payments on their personal residence. However, it is inconceivable that with the cash flow they do have, and with an unencumbered $4 million asset, it would not be a simple matter for them to borrow the funds necessary to cure these arrearages and deal with their creditors outside of a bankruptcy proceeding. Their election to proceed in a Chapter 13 while ineligible, their gross misrepresentations as to the value of their assets to the Court, and their frustrations of the legitimate collection efforts of the creditor through the state law remedy of nonjudicial foreclosure evidence bad faith and constitute an abuse of process.

A mere dismissal of this case would not prevent an immediate refiling of a case prior to the time that a creditor could exercise its rights to conduct a further foreclosure. Therefore, the only action which is appropriate and sufficient to prevent an abuse of process in the future is to bar the Debtors from refiling any case under Title 11 for a period of 180 days after the entry of and finality of this Order.

### ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the Mo-

tion to Dismiss filed by The Coastal Bank of Georgia is granted.

FURTHER ORDERED that Debtors are barred from refiling any case under Title 11 for a period of 180 days after the entry of and finality of this Order.