20434

BANKERS TRUST OF SOUTH CAROLINA, Respondent, v. W. R. CULBERTSON, Appellant.

(235 S. E. (2d) 130)

*William Byrd Traxler, Esq.,* of Greenville, *for Appellant,*

*Messrs. Wesley M. Walker, and Duke K. McCall, Jr.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for Respondent,*

May 18, 1977.

NESS, Justice:

The appellant Culbertson and F. G. Brothers executed a note to the Peoples National Bank of Greenville, predecessor of the respondent Bankers Trust of South Carolina. After the death of F. G. Brothers, the note became in default and this action was commenced against the appellant for the outstanding balance due. The Master and the trial court found appellant liable for the outstanding indebtedness on the note. We affirm.

Appellant asserts error in the trial court's failure to find that he was an accommodation endorser. The Master and the trial court held appellant liable as a co-maker of the note. The Official Comment to Section 10.3-402, Code of Laws, 1962, provides in part:

"The indication that the signature is made in another capacity must be clear without reference to anything but the instrument. It may be found in the language used. . . The capacity may be found in any clearly evidenced purpose of the signature, as where a drawee signing in an unusual place on the paper has no visible reason to sign at all unless he is an acceptor. It may be found in usage or custom. Thus by long established practice judicially noticed or otherwise established a signature in the lower right hand corner of an instrument indicates an intent to sign as the maker of a note. . ."

Appellant admits, and the exhibit conclusively indicates, he signed in the lower right hand corner of the instrument instead of on the back of the instrument where spaces were specifically provided for endorsers. Accommodation status is inconsequential as between the instant parties as an accommodation maker is liable on the instrument without any resort to his principal. See Section 10.3-415, Code of Laws 1962, and the Official Comment. Having conceded the lack of any ambiguity in the contractual capacity of the signature, we agree the appellant was a co-maker of the note.

Endorser liability, absent a disclaimer, is secondary only because of rights of presentment and dishonor, notice of dishonor and protest. Section 10.3-414, Code of Laws, 1962. In the peculiar facts of the instant case, these distinguishing rights were specifically waived on the face of the instrument:

"I or We, or any of us, whether maker, endorser, or guarantor, hereby, waive demand, presentment, protest, and notice of non-payment; and further waive all defenses on the ground of any extension of time for payment that may be given." See Section 10.3-511, Code of Laws, 1962.

In light of the foregoing, the remaining exceptions are without merit and need not be considered.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.