**In re Sylvia CORREA, Debtor.**

**William C. SHELTON, Sr., Elizabeth G. Will Shelton, Plaintiffs,**

v.

**Sylvia CORREA, Defendant.**

**Bankruptcy No. 81–11075.
Adv. No. 81–0355.**

United States Bankruptcy Court,
D. Maryland.

Nov. 9, 1981.

---

Richmond T. P. Davis, Silver Spring, Md., for debtor.

Warren S. Oliveri, Jr., Bethesda, Md., for creditor.

## MEMORANDUM OPINION

ROGER M. WHELAN, Bankruptcy Judge.

This matter came on for hearing on the Complaint to Dismiss Chapter 13 Proceeding or Alternatively to Terminate Stay filed by William C. Shelton, Sr. and Elizabeth G. Will Shelton (Plaintiffs). The case is an individual case filed on June 29, 1981, under Chapter 13 of the Bankruptcy Code. The Debtor filed schedules listing total unsecured debts of One Hundred Eleven Thousand One Hundred Forty-Seven Dollars ($111,147.00). The bulk of the unsecured debt is one debt that the Debtor listed as contingent, in the amount of One Hundred Nine Thousand Dollars ($109,000.00) owed to The M.E.S.B.I.C., Inc. (MESBIC). This debt arises from a judgment entered against the Debtor and Clarence King in the Circuit Court for Montgomery County, Maryland, on April 16, 1980, in the amount of One Hundred Nine Thousand One Hundred Twenty-Five Dollars ($109,125.00), with interest from April 10, 1980, and Twelve Thousand Six Hundred Dollars ($12,600.00) for attorney's fees and costs.

The issue that arose from these undisputed facts is whether there is anything in the nature of the debt or the underlying judgment that would allow the Debtor to qualify as a Chapter 13 debtor even though her scheduled unsecured debts exceed One Hundred Thousand Dollars ($100,000.00).

The requirements for qualifying as a debtor under Chapter 13 appear in 11 U.S.C. § 109(e), which provides:

(e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and non-contingent, liquidated secured debts of less than $350,000 may be a debtor under chapter 13 of this title.

Plaintiffs contend that the judgment entered in the Circuit Court was against the Debtor and Clarence A. King, jointly and severally. The Debtor opposes that interpretation, alleging that the judgment was against her and Clarence King jointly, that she is liable for only half the face amount of the judgment, and that, therefore, her unsecured debts do not exceed One Hundred Thousand Dollars ($100,000.00).

Under Maryland law, the Debtor's interpretation of the effect of a joint judgment is invalid; even if the judgment were joint, not joint and several, she is liable for the full amount of the debt. In *Traylor v. Grafton*, 273 Md. 649, 332 A.2d 651 (1974), the court held that,

When two or more promisors agree to pay a sum of money under a contract the amount promised is the promise of all and the promisee is entitled to a joint judgment against them or judgments against them severally. In satisfying such judgments execution may be levied upon the goods of any one of them . . . . (cite omitted). Even though the judgment may be joint, the payment of the entire judgment might be satisfied from any one of them.

*Traylor v. Grafton*, 273 Md., at 685, 332 A.2d 651.

The Debtor, then, is liable for the entire amount of the judgment and her total unsecured debts exceed One Hundred Thousand Dollars ($100,000.00).

If the debt were contingent or unliquidated, the Debtor would still qualify to file under Chapter 13 because 11 U.S.C. § 109(e) requires only that non-contingent, liquidated unsecured debts aggregate less than One Hundred Thousand Dollars ($100,000.00). The Debtor listed the amount owed to MESBIC as contingent, thereby indicating that it should be excluded from the unsecured debt aggregate.

Even if a debt is contingent at the time of its inception, once a judgment based upon it has been entered, its amount is fixed. Section 109(e) states that the amount and classification of a debt is determined "on the date of filing of the petition." Because the Circuit Court entered judgment before the Debtor filed her petition, even if the debt were contingent originally, it is contingent no longer. See *In re Kutner*, 3 B.R. 422, 6 B.C.D. 289 (Bkrtcy.N. D.Tex.1980) *interloc. app. dism.*, 656 F.2d 1107 (5th Cir. 1981). Furthermore, it is important to note that § 109(e) employs the specific terminology of "unsecured *debts* of less than $100,000..." (emphasis added). Section 101(11) defines debt as "liability on a claim;" and because the Debtor is clearly liable for the full amount of the judgment, she is ineligible within the meaning of § 109(e).

In addition, because the creditor can execute against the Debtor for the full amount of the judgment, full payment is not predicated on the co-debtor's failure to pay, so no portion of the debt is contingent.

The Debtor has filed an adversary proceeding against MESBIC to determine the validity of a lien. MESBIC filed its proof of claim as a secured creditor and the Debtor listed this debt as unsecured. That dispute, however, does not alter the fact that the Debtor's scheduled unsecured debt, at the time of the petition included the debt to MESBIC and exceeded the One Hundred Thousand Dollars ($100,000.00) limit. Neither does the dispute render this debt unliq-uidated and outside the scope of U.S.C. § 109(e). The court in *In re King*, 9 B.R. 376, 7 B.C.D. at 396 (Bkrtcy.), citing, *In re Cook*, 298 F. 125, 126 (N.D.Ga.1924) developed the significance of the word "liquidated" with reference to the certainty of liability and held that ".... a debt is not liquidated if there is a substantial dispute regarding liability or amount." In the instant case, the state court judgment is evidence that litigation has defined the amount of the debt and, therefore, the debt is liquidated.

The Debtor, of course, may have a right of contribution or indemnification from Clarence King. Nevertheless, such a right can only be exercised through litigation that may be long and protracted. Congress intended the specific limitations placed on a Chapter 13 debtor to provide a streamlined procedure for resolution of small, relatively simple cases that do not require the more cumbersome procedures of Chapter 11. *See* House Rep.No. 95–595, 95th Cong., 1st Sess. 318–20 (1977), U.S.Code Cong. & Admin. News 1978, p. 5787. This case not only involves more than One Hundred Thousand Dollars ($100,000.00) in liquidated, non-contingent, unsecured debts; resolution of issues involving this debt will involve many questions of contract and suretyship law more suitable for consideration in the context of a Chapter 7 or Chapter 11 proceeding. It is, therefore, this 9th day of November, 1981, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, That the Debtor's Chapter 13 case is dismissed for failure to comply with the requirements of 11 U.S.C. § 109(e), and it is further

ORDERED, That for ten (10) days following the date of this Order, the Debtor shall retain the right to convert this case to a case under another chapter pursuant to 11 U.S.C. § 1307.