**In the Matter of Richard E. ABEL, Debtor.**

**GENERAL MOTORS ACCEPTANCE CORP., Appellant,**

v.

**Richard E. ABEL and Melvin C. Paul, Trustee, Appellees.**

Bankruptcy No. 81–2–0457L.

Adv. No. 81–0324.

Civ. A. No. J–81–1819.

United States District Court, D. Maryland.

Dec. 4, 1981.

Charles Cahn, II and Richard B. Schreibstein, Ottenheimer, Cahn & Patz, Baltimore, Md., for appellant.

Jack I. Hyatt and Cynthia E. Young, Baltimore, Md., for appellees.

SHIRLEY B. JONES, District Judge.

This case presents an appeal from an order of the Bankruptcy Court issued June 2, 1981. In that order, the lower court denied General Motors Acceptance Corporation's (hereinafter GMAC), request to reclaim a 1980 Datsun automobile. This Court has reviewed the record and the briefs submitted by both parties and has determined that no hearing is necessary. *See* Local Rule 57.

On October 27, 1979, Richard E. Abel, the debtor and appellee, entered into an installment sales contract with Imperial Datsun, Inc. for the purchase of a 1980 Datsun, Model No. B210 (hereinafter the vehicle). The contract was subsequently assigned to GMAC for value.

On February 20, 1981, Mr. Abel filed a Voluntary Petition in Bankruptcy under Chapter VII of the Bankruptcy Code. GMAC was listed in Mr. Abel's schedules as a creditor holding security. The vehicle was listed on the schedule as an asset of the estate and as exempt property.

On March 17, 1981, the appellant filed a complaint for reclamation. The complaint alleged that Mr. Abel had made no payments on the contract since March 3, 1981, and that GMAC was entitled to possession of the vehicle "as a result of said default." At the hearing before the Bankruptcy Judge, GMAC presented evidence purporting to show the value of the vehicle and that Mr. Abel had defaulted on the contract. In dismissing the complaint and imposing attorneys' fees, the Bankruptcy Court ruled that the appellee had timely made all payments due under the contract and that the complaint was brought in bad faith.

In its brief to this Court, GMAC states that Mr. Abel's account was not delinquent at the time the complaint for reclamation was filed. It explains that it filed the complaint because it feared that it would be barred from enforcing its rights under the contract should Mr. Abel's account *subsequently* become delinquent. GMAC now takes the position that its security interest in the vehicle is not adequately protected,

despite the fact that there has been no default. It reasons that it is prevented from bringing an action for reclamation before a discharge in bankruptcy by virtue of the automatic stay provisions of the Code, 11 U.S.C. § 362(a)(5), and is barred by section 524(a)(2) of the Code from reclaiming the vehicle after Mr. Abel has obtained a discharge. 11 U.S.C. § 524(a)(2). Therefore, it concludes that it would be remediless in the event of a post-discharge default. Mr. Abel responds that 11 U.S.C. § 524(a)(2) does not bar a post-discharge action by a secured party against the property of a debtor. Because the remedy of reclamation would still be available to GMAC after a discharge in bankruptcy, Mr. Abel contends that GMAC's interest is adequately protected. Since this Court concludes that granting relief from the stay in this case would be contrary to the purpose of 11 U.S.C. § 362, it is unnecessary to speculate as to the effect of a future discharge on the respective rights in the property of secured creditors and debtors.

Upon filing a petition for bankruptcy, § 362(a)(5) operates to stay any act to "enforce against property of the debtor any lien to the extent such lien secures a claim that arose before the commencement of the case under this title; ..." In enacting the stay provisions of the Code, Congress recognized that the stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell. It permits the debtor to attempt a reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy. H.Rep. 595, 95th Cong., 2d Sess. 340, *reprinted in* (1978) U.S. Code Cong. & Ad.News 5787 6296–97.[1]

A creditor can obtain relief from the stay "for cause, including the lack of adequate protection of an interest in property of such party in interest; ..." 11 U.S.C. § 362(d)(1). GMAC would have this Court hold that a secured creditor is never adequately protected because a subsequent discharge would bar its enforcement of its contractual rights.[2] In effect, a secured party would need prove only that it possessed a valid security interest in the property, and it would then be entitled to relief from the stay. Not only would such an interpretation emasculate one of the bankrupt's fundamental protections, it would have the practical effect of reading section 362(a)(5) out of the Bankruptcy Code. Congress could not have intended such an expansive reading of 11 U.S.C. § 362(d).[3]

Assuming, *arguendo*, that there is some legal merit to GMAC's position that a secured party's interest in the property of a nondefaulting debtor may lack adequate protection, it is precluded from raising that issue on appeal by its failure to present it below, either in the pleadings or testimony. *In re Middle Atlantic Stud Welding Co.*, 503 F.2d 1133, 1134 n. 1 (3d Cir. 1979); *Union Bank v. Blum*, 460 F.2d 197, 202 (9th Cir. 1972). Throughout the bankruptcy proceedings, GMAC had taken the position that it was entitled to possession of the vehicle by virtue of Mr. Abel's alleged default. At one point, when GMAC's counsel argued that it did not believe its interest in the vehicle was adequately protected, the Bankruptcy Judge asked if GMAC was contending that it was entitled to relief, absent a showing that Mr. Abel had defaulted. Counsel responded: "We believe there was a default." Record at 31. The parties

---

1. The stay is also designed to protect other creditors of the bankrupt. Without it, those creditors who pursued their remedies first would obtain payment of their claims in preference to and to the detriment of other creditors. *Id.*

2. In its brief, GMAC alleges that Mr. Abel had not expressed an interest in reaffirming its contract with GMAC. This fact was not presented below. Therefore, it will not be considered on appeal. See discussion *infra.*

3. At a minimum, the request for relief from the stay appears to be premature. The relief proceedings do not confer any substantive rights upon the party seeking relief. They merely permit the secured party to pursue the remedies he would possess but for the stay. If GMAC were granted relief from the stay, it would not then be entitled to possession of the vehicle because Mr. Abel has fulfilled his obligations under the contract.

chose to join issue on the question of default, and the Bankruptcy Judge found that there was no default. As a consequence, there was no evidence presented on issues such as Mr. Abel's need for the automobile or his willingness to reaffirm the contract, factors usually considered by a bankruptcy court in "balancing the hardship" in a section 362(d) proceeding. *See, e.g., In re Williams*, 7 B.R. 234 (Bkrtcy.D.Kan.1980). Faced with a record that is silent with respect to these important considerations, this Court will not hold that GMAC's interest lacks adequate protection as a matter of law.

■ The Court agrees with GMAC's contention that the Bankruptcy Court's decision to award attorneys' fees was clearly erroneous. A litigant should not be punished under the guise of an award of counsel fees for taking a position in Court in which he honestly believes—however lacking that position may be. *Newman v. Piggy Bank Enterprises, Inc.*, 377 F.2d 433 (4th Cir. 1967). This determination is made difficult in the instant case by the failure of the Bankruptcy Judge to make factual findings on that issue as he is required to do by F.R.Civ.P. 52(a). *See* Bank.R.P. 810, Advisory Committee's Note. This duty is not discharged by his statement that the complaint "was not filed in good faith," in the absence of subsidiary findings of fact to support that conclusion. *Fehringer v. Bluebeard's Castle, Inc.*, 395 F.2d 851 (3rd Cir. 1968). On the present state of the record, this Court is unable to conclude that GMAC filed the complaint for reasons other than because it believed that Mr. Abel had defaulted on the contract, and that GMAC was legally entitled to possession of the vehicle as a consequence of that default. Therefore, that portion of the judgment awarding attorneys' fees will be vacated.

## ORDER

For the reasons contained in the foregoing Memorandum, it is, this 4 day of December, 1981, by the United States District Court for the District of Maryland, hereby

ORDERED:

1. That the Bankruptcy Court's order that the Complaint for Reclamation be dismissed be, and the same hereby is, AFFIRMED.

2. That the Bankruptcy Court's order that General Motors Acceptance Corporation be required to pay counsel fees be, and the same hereby is, VACATED.

3. That the Clerk of Court shall mail copies of this Memorandum and Order to all counsel and to Melvin C. Paul, Trustee.