**In re Helen A. MARCHETTO, a/k/a Helen A. Marchetti, Debtor, Appellant.**

**Joseph M. Szabo, Trustee-Appellee.**

**Appeal No. 82–9026.**

United States Bankruptcy Appellate Panel for the First Circuit.

Dec. 13, 1982.

Trusts § 154, Comment b (1959).

Timothy J. Howes, Holyoke, Mass., for appellant.

Joseph M. Szabo, Boston, Mass., for appellee.

Before VOTOLATO, Chief Judge, JOHNSON and GOODMAN, Bankruptcy Judges.

GOODMAN, Bankruptcy Judge.

This is an appeal from an order of the Bankruptcy Court of the District of Massachusetts dismissing debtor's chapter 13 petition on the ground that her noncontingent, liquidated, secured debts exceed the limit set for a chapter 13 debtor under section 109(e) of the Bankruptcy Code.[1]

The uncontested facts indicate that Mrs. Marchetto and her husband executed a mortgage note in 1972 on which there is presently owing $667,461.31. Appellant seeks to omit this debt when computing her noncontingent, liquidated, secured debts in order to comply with the provisions of 11 U.S.C. § 109(e).

Appellant asserts for the first time on appeal[2] that the mortgage debt

1. 11 U.S.C. § 109(e) provides who may be a debtor in a chapter 13 proceeding:

   (e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that

   owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 may be a debtor under chapter 13 of this title.

2. In her brief on appeal at page 1, appellant alleges that the issue was raised below in a brief opposing the motion to dismiss. The brief

was incurred by her and her husband in the operation of a partnership and, as a partnership debt, it should not be included in her personal chapter 13 petition. It is a "'fundamental precept that issues on appeal are to be confined to those duly presented to the trial court....'" *United States v. Parrilla Bonilla,* 648 F.2d 1373, 1386 (1st Cir.1981) (quoting *Jordan v. United States Department of Justice,* 591 F.2d 753, 779 n. 14 (D.C.Cir.1978)); *see Dobb v. Baker,* 505 F.2d 1041, 1044 (1st Cir.1974); *In re Abel,* 17 B.R. 424, 426, 8 B.C.D. 798, 799 (Bkrtcy.D.Md.1981); *Gerber Industries, Inc. v. Bildisco (In re Bildisco),* 11 B.R. 1019, 1020 (D.C.D.N.J.1981); *In re Rea Holding Corp.,* 2 B.R. 733, 737, 5 B.C.D. 1308, 1310 (D.C.S.D.N.Y.1980). Furthermore, the record before us contains no evidence which would support a factual finding that a partnership existed. Therefore, even if this issue had been properly preserved for appellate review, on this record we could not uphold a factual finding that a partnership existed.[3]

Next, appellant argues that she signed the note as an accommodation party only, and the amount of the debt should not be included as part of her secured debt. We see no merit to this contention. Under Massachusetts law, a co-maker of a note who signs as an accommodation party is liable as a maker of the note and is bound on the note without any prior recourse to the principal. *See* Mass.Gen.Laws Ann. ch. 106, §§ 3–415(2), 3–413(1) and 3–415 official comment 1; *American Oil Co. v. Valenti,* 179 Conn. 349, 426 A.2d 305, 28 U.C.C. Rep. 118, 121 (1979); *Bankers Trust of South Carolina v. Culbertson,* 235 S.E.2d 130 (S.C.1977); *McDonald v. National Bank of Stigler (In re Hill),* 7 B.R. 433, 434–35

(Bkrtcy.W.D.Okla.1980). Additionally, the mortgage note itself states that Mrs. Marchetto is bound jointly and severally.

Appellant's final argument is that a joint debt between spouses should not be included as the secured debt of one spouse where only that spouse is filing a bankruptcy petition. Appellant relies not on the wording of the statute in question but on a discussion of the statute by Collier:

> A careful reading of section 109(e) indicates that only where an eligible individual and spouse are proceeding jointly does the debt ceiling apply to their combined debts.

5 *Collier on Bankruptcy* ¶ 1300.40(3) (15th ed. 1982). Appellant then construes the word "combined" to include joint debts between spouses. This loose interpretation of section 109(e) is nowhere supported by the statute itself. The provisions of section 109(e) have consistently been strictly interpreted. *In re Cronkleton,* 18 B.R. 792, 793 (Bkrtcy.S.D.Ohio 1982) and cases cited therein. The debtor is not permitted to exclude joint debts on which she is fully liable from the determination of eligibility under section 109(e). *See id.; In re Correa,* 15 B.R. 195, 196–97 (Bkrtcy.D.Md.1981).

We agree with the bankruptcy court's conclusion that Mrs. Marchetto is not qualified to be a debtor under chapter 13. The decision of the Bankruptcy Court is affirmed.

---

submitted below, however, has not been made part of the record on appeal and cannot be considered by this Court.

**3.** We express no opinion as to whether proof that a partnership did in fact exist would change the result in this case.