**Ronnie K. BROCKENBROUGH, Plaintiff,**

v.

**COMMISSIONER, INTERNAL REVENUE SERVICE, Defendant.**

Civ. A. No. 84–0010–C.

United States District Court, W.D. Virginia, Charlottesville Division.

Feb. 12, 1986.

Leroy R. Hamlett, Jr., Charlottesville, Va., for plaintiff.

S. Martin Teel, Jr., Civil Trial Section, Central Region, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

MICHAEL, District Judge.

This action is before the court pursuant to 28 U.S.C. § 1334, and Bankruptcy Rule 8001, on the debtor's appeal of the Bankruptcy Court's dismissal of his Chapter 13 (11 U.S.C. § 1301, *et seq.*) bankruptcy proceeding. The issues have been briefed and argued and are ripe for disposition by this court. For the reasons set forth below, the decision of the Bankruptcy Court shall be affirmed.

On July 20, 1983, Ronnie Brockenbrough, the debtor, filed a Chapter 13 bankruptcy petition. The Internal Revenue Service filed a proof of claim in the amount of $178,573.01—the total amount of penalty, interest, and lien fee accruing from the debtor's failure to remit employment taxes owed by the corporation of which he was vice president. Neither the debtor, nor any other party in interest, objected to the proof of claim. Further, the debtor did not avail himself of the opportunity, provided by 11 U.S.C. § 505(a)(1), to challenge the amount or legality of the assessment against him.

Upon motion of the Internal Revenue Service, the Bankruptcy Court dismissed the debtor's Chapter 13 petition as the debtor's unsecured, non-contingent, liquidated debts exceeded the $100,000 limitation established by 11 U.S.C. § 109(e). In so doing, the Bankruptcy Court rejected the debtor's argument that the IRS' claim was contingent since if the IRS succeeded in recovering the taxes owed by the corporation from escrow funds resulting from the Chapter 11 liquidation of the corporation, it would no longer pursue the claim against the debtor. The Bankruptcy Court also rejected the debtor's claim that his debt to the IRS would likely be reduced to an amount less than $100,000 by a set-off from the escrowed funds.

In its posture as an appellate court on bankruptcy matters, this court may set aside any conclusion of law found to be erroneous. *Cross Electric Company, Inc. v. United States*, 512 F.Supp. 511, 512 (W.D.Va.1980). Thus, this court is free to make a *de novo* determination of whether the debt in question was "contingent." The debtor's arguments in support of the debt's contingency appear to differ at the Bankruptcy and District Court levels, but this court finds neither position persuasive.

A "contingent" debt is defined as: one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor and if such triggering event or occurrence was one reasonably contemplated by the debtor and creditor at the time the event giving rise to the claim occurred.

*In Re All Media Properties, Inc.*, 5 B.R. 126, 133 (1980). The debtor's liability to the IRS was "triggered" by his failure to pay over the unemployment taxes collected from the corporation's employees—an

event which occurred before the filing of the bankruptcy petition, so that the debt was, therefore, not contingent at the time of the filing of the petition. The statute is clear that the debtor's eligibility for a Chapter 13 proceeding is to be determined "on the date of the filing of the petition." 11 U.S.C. § 109(e).

Even though the Internal Revenue Service acknowledges that, as a matter of policy, it would not attempt to collect from the debtor if in fact it received payment from the corporation for the taxes owed, this does not render the debt contingent. The debtor's liability pursuant to 26 U.S.C. § 6672(a)[1] is separate and distinct from the corporation's liability under 26 U.S.C. § 3403.[2] For this same reason, this court must reject the debtor's contention that the $128,000 now being held in escrow from the liquidation of the corporation should be deducted from the total amount owed by debtor for the purpose of determining eligibility for a Chapter 13 proceeding. Even assuming that it is evenually determined that the IRS is entitled to those funds, that would not diminish the independent liability of the debtor.

On appeal, the debtor presented the additional argument that the Bankruptcy Court erred in not allowing him to convert to a Chapter 11 (11 U.S.C. § 1101, *et seq.*) proceeding as allowed by 11 U.S.C. § 1307(d). However, it appears from the record before this court that no such request was made and the Bankruptcy Court had no obligation to act *sua sponte.*

Accordingly, this court finds that the debtor was not eligible for a Chapter 13 proceeding and that the Bankruptcy Court's dismissal of the petition was proper. An appropriate Order shall this day enter.

1. 26 U.S.C. § 6672(a) provides in pertinent part:
   Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total

amount of the tax evaded, or not collected, or not accounted for and paid over.

2. 26 U.S.C. § 3403 states:
   The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment.