**In re Jerry STINCHFIELD, Sr., and Joan Stinchfield, Debtors.**

**Bankruptcy No. 89–22200.**

United States Bankruptcy Court, E.D. Texas, Beaumont Division.

June 12, 1990.

Rodney S. Scott, Longview, Tex., for Jerry Stinchfield, Sr.

Ruth Harris Yeager, Asst. U.S. Atty., Tyler, Tex., for U.S.

## MEMORANDUM OPINION

DONALD R. SHARP, Bankruptcy Judge.

This matter came on for regular hearing pursuant to a Motion to Dismiss by the United States of America (Internal Revenue Service), hereinafter IRS, to dismiss on the grounds that Debtor is disqualified from filing for relief under Chapter 13 of Title 11 pursuant to § 109(e) in that the IRS alleges that Debtor owes in excess of $100,000.00 in unsecured non-contingent liquidated debts. The dispute in this case centers around a very narrow issue. IRS has assessed Debtor the "100% penalty assessment" provided for in U.S.C.A. Title 26 § 6672 in the amount of $111,441.99 and has properly filed a proof of claim in that amount. It is filed as an unsecured priori-

ty claim. Debtor does not dispute the calculations of the IRS and apparently does not even dispute the fact that he is a responsible officer of the corporation. The Debtor maintains that the debt is contingent because the primary liability rests with the corporation and if the corporation pays, then the debtor is discharged and has no further liability. The Debtor, in effect, maintains that any assessment pursuant to U.S.C.A. Title 26 § 6672 is contingent because the primary liability rests with the corporation which failed to pay over withheld taxes. This Court holds that Debtor is incorrect in this position and at least one other bankruptcy court has held the same, *Brockenbrough v. C.I.R.*, 61 B.R. 685 (W.D.Va.1986).

Debtor has cited *United States v. Edwards*, 572 F.Supp. 1527 (D.Conn.1983) in support of his position. It is true that the Court refers to the liability of the person responsible for paying the company's withholding tax as a contingent liability. However, the context in which the Court was speaking was dealing with the status of the liability that arose at the moment the payroll was paid and the taxes were withheld. The Court stated at page 1534 "the company's liability for withholding taxes arises at the moment the taxes are withheld from employee's salaries ..." The Court then stated "the person responsible for paying the company's withholding taxes is also contingently liable from that moment." It is clear that the "moment" that the Court was referring to is the moment that the taxes were withheld. The *Edwards* case is not applicable to this case.

The Debtor also cites *Matter of Workman*, 108 B.R. 826 (Bkrtcy M.D.Ga.1989) which deals with the question of whether a Debtor's unassessed § 6672 liability is a contingent claim and is properly listed as such in the Debtor's petition and schedules. In the *Workman* case the IRS was arguing that the penalty should be allowed as a post-petition claim since the assessment was not made until several months after the bar date. However, the Debtor had listed the unassessed liability as a contingent claim and the IRS did not file a proof-

of-claim or assess the penalty prior to the bar date. The court properly held that the liability was a pre-petition claim that was barred by the IRS failure to file a timely proof-of-claim. The *Workman* case is not applicable to our situation either. The other case cited to the Court by Debtor was *In Re Serignese*, 214 F.Supp. 917 (D.Conn. 1963) which also dealt with the question of the contingency of the debt prior to assessment. It is also not applicable to this situation.

This Court can reach no other conclusion but that the debt of Debtors to IRS pursuant to the 100% penalty assessment is a non-contingent liquidated debt in excess of $100,000.00. Accordingly, the Debtor does not fall within the guidelines established in U.S.C.A. 11 § 109(e) and is not eligible for relief under Chapter 13 of Title 11.