**In re Alice Faye TOMLINSON, Debtor.**

**Bankruptcy No. 89–09811.**

United States Bankruptcy Court,
E.D. Michigan, N.D.

July 13, 1990.

James H. Mathieu, Midland, Mich., for debtor.

Thomas W. McDonald, Jr., Saginaw, Mich., Chapter 13 Trustee.

## MEMORANDUM OPINION ON DEBTOR'S ELIGIBILITY TO FILE CHAPTER 13

ARTHUR J. SPECTOR, Bankruptcy Judge.

On October 5, 1989, Alice Faye Tomlinson ("Debtor") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code. Her chapter 13 Statement listed total unsecured debts in the amount of $111,415. At the hearing on confirmation of the Debtor's chapter 13 plan, the chapter 13 trustee objected to confirmation on the grounds that the Debtor was not eligible to file chapter 13 since her unsecured debts exceeded $100,000. 11 U.S.C. § 109(e) limits the availability of chapter 13 relief as follows:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 may be a debtor under chapter 13 of this title.

Among the obligations listed by the Debtor as unsecured was a debt owed to Chemical Bank & Trust Company ("Bank") in the amount of $30,000. The Debtor and her then husband had jointly signed a promissory note to the Bank that was secured by a mortgage on a home now owned and occupied by the former husband. As part of the divorce settlement, the Debtor quit-claimed her interest in the home to her husband, and he has been making all the mortgage payments since the divorce. The Debtor argues that this $30,000 debt should actually have been labeled secured

because adequate security exists for the benefit of the Bank. Alternatively, the Debtor argues that her liability to the Bank is contingent in that she is not obligated to pay unless and until the Bank has foreclosed on the home and realizes a deficiency. For the reasons which follow, we sustain the trustee's objection and will dismiss this case.

The major case on the issue of eligibility for chapter 13 relief in this jurisdiction is *In re Pearson,* 773 F.2d 751 (6th Cir.1985). In *Pearson,* the question was to what extent a $127,000 claim owed to the creditor was secured, for if the claim were sufficiently secured, the unsecured balance would not be large enough to take the aggregate of unsecured claims over the $100,000 threshold. At the time the chapter 13 case was filed, nobody really knew how much of the claim was secured, as the matter was still in dispute. The Court of Appeals stated that "[c]hapter 13 eligibility should normally be determined by the debtor's schedules checking only to see if the schedules were made in good faith." 773 F.2d at 757. After examining the chapter 13 Statement, the test for the court is whether "a good faith claim of eligibility was made." *Id.* at 758. If the court can so conclude, then the debtor is eligible for relief under chapter 13.

In this case, the chapter 13 Statement clearly alleges that the aggregate of unsecured claims exceeds $100,000. If we were to apply *Pearson* strictly, then, it would be clear that the Debtor is not eligible for chapter 13 relief. *In re Smith,* 92 B.R. 287 (Bankr.S.D.Ohio 1988); *cf. In re Hutchens,* 69 B.R. 806 (Bankr.E.D.Tenn.1987). It is also clear, however, that the Debtor may amend her Statement so as to categorize the Bank debt as secured and/or contingent, thereby bringing her within the debt limitations outlined in § 109(e). *See In re McClaskie,* 92 B.R. 285, 287 (Bankr.S.D. Ohio 1988). We must therefore determine whether the debt in question could properly be characterized as either contingent or secured as of the date of filing.

█ The Debtor cites no state law to support her contention that the Bank cannot proceed against her until it has foreclosed on the real estate and realized a deficiency. The promissory note in question is absolute and unconditional. Clearly, both parties were and are jointly and severally liable on the obligation. Therefore, we must reject as a simple matter of state law the Debtor's argument that the claim is contingent. *Accord, In re Fostvedt,* 823 F.2d 305 (9th Cir.1987); *In re Marchetto,* 24 B.R. 967, 9 B.C.D. 1168, 7 C.B.C.2d 963 (1st Cir.B.A.P.1982). *Cf. Brockenbrough v. Comm'r,* 61 B.R. 685, 14 B.C.D. 1154 (W.D.Va.1986); *In re Pulliam,* 90 B.R. 241 (Bankr.N.D.Tex.1988); *In re Cronkleton,* 18 B.R. 792 (Bankr.S.D.Ohio 1982); *In re Correa,* 15 B.R. 195, 8 B.C.D. 440 (Bankr. D.Md.1981).

The Debtor's other argument is more difficult to dispel. The Debtor cites *In re Gorman,* 58 B.R. 372 (Bankr.E.D.N.Y. 1986) for the proposition that a creditor holding a security interest in property belonging to a non-debtor is deemed to have a secured claim for purposes of determining the debtor's eligibility for relief under chapter 13. The trustee responds as follows:

> For a debt to be "secured" collateral must exist *in which the debtor has an interest.* Although [the Bank] holds a real estate mortgage, it is on property in which the [D]ebtor's ex-husband holds an interest. As part of a divorce settlement, the [D]ebtor transferred her interest in the real estate by a quit-claim deed. Since the [D]ebtor no longer has any interest in the property, the debt owed to [the Bank], by definition alone, could only be classified a [sic] "unsecured" as to the [D]ebtor.

Page 5 of Trustee's Brief Objecting to Petitioner's Eligibility (emphasis added). Unfortunately, the trustee merely states the ultimate question for determination without supplying any support for his conclusion. Nonetheless, we believe the trustee's view is the correct one.

█ The extent to which a claim is secured is crucial in a number of areas in bankruptcy cases. *See generally* 3 *Collier on Bankruptcy,* ¶ 506.04 (15th ed. 1989).

To determine secured status, the Code provides as follows:

> (a) An allowed claim of a creditor secured by a lien on property *in which the estate has an interest* ... is a secured claim to the extent of the value of such creditor's interest *in the estate's interest in such property* ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim....

11 U.S.C. § 506(a) (emphasis added). The emphasis in § 506(a) highlights why the trustee's conclusion is correct. For purposes of determining how much of a claim in an estate is secured, one must look at the creditor's interest in the "estate's interest" in the property in question. The estate's interest in property is essentially coextensive with the non-exempt property interests held by the debtor at the time of filing his or her petition in bankruptcy. *See Begier v. I.R.S.*, — U.S. ——, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990) (LEXIS 2925). Because the Debtor quit-claimed her interest in the mortgaged home prior to filing for bankruptcy, the estate's interest in the residence is nil. Accordingly, the Bank's interest in the estate's interest in such real estate is also nil, and the Bank's claim in this estate is wholly unsecured. *Collier, supra* (stating that "secured claim status cannot be based on a lien against ... collateral" which was validly transferred by the debtor prior to commencement of the bankruptcy case and in which the debtor no longer retains an interest (footnote omitted)). To the extent *Gorman, supra,* holds to the contrary, we find it to be unpersuasive.

For these reasons, we conclude that the debt to the Bank is neither contingent nor secured. The trustee's objection to confirmation of the Debtor's plan is therefore sustained. Since the Debtor is not eligible to file under chapter 13, the case will be dismissed.