**In re MAXFIELD, Garold E., and Maxfield, Lanetta, Debtors.**

**No. 93–00494–13.**

United States Bankruptcy Court, D. Idaho.

Sept. 1, 1993.

As Amended Oct. 27, 1993.

Kirk J. Anderson, Boise, ID, for debtors.

Janice D. Newell, Sp. Asst. U.S. Atty., I.R.S.

Barry Zimmerman, Trustee.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

The Internal Revenue Service ("IRS") has moved to convert or dismiss the chapter 13 case of debtors Garold and Lanetta Maxfield ("debtors"). The IRS contends the debtors do not meet the requirement that chapter 13 debtors have less than $100,000 in noncontingent, liquidated, unsecured debt.

The crux of the debtor's eligibility turns upon a tax claim. Section 109(e) limits the availability of chapter 13 to husband and wife debtors whose total amount of noncontingent, liquidated, unsecured debt is less than $100,000.[1] The IRS has filed a proof of claim against the debtors for $130,183.34. The parties have stipulated that $10,400 of this amount is secured, leaving a balance of $119,783.34 of unse-

---

1. Section 109(e) provides in part that "[o]nly an ... individual with regular income and such individual's spouse, ... that owe, on the date of the filing of the petition, noncontingent, liqui-dated, unsecured debts that aggregate less than $100,000 ... may be a debtor under chapter 13 of this title." 11 U.S.C. § 109(e).

cured debt. Debtors contend that $54,-800.00 of this amount, representing a civil penalty, should not be counted toward the $100,000 limit. The parties apparently concede that the debtors are eligible for chapter 13 if the section 6672 penalties do not count toward the $100,000 limit; conversely, they also apparently agree that the debtors are ineligible for chapter 13 if the section 6672 penalties do count toward the limit.

Debtors also contend the penalty is not unsecured debt, since it is secured by assets of Meridian Glass and Screen, Inc. ("Meridian Glass"), a corporation currently in chapter 11 (Case No. 93–00639). Alternatively, debtors contend there is a question as to whether the debt is secured (because of a controversy between the IRS and another creditor regarding priority), and this question renders the debt contingent. The IRS disputes the debtors' arguments, asserting among other things that the security interest in assets of Meridian Glass covers different taxes than those on which Mr. Maxfield's section 6672 liability is based.

The claim for $54,800.00 is based upon withholding taxes due from Meridian Glass. Garold Maxfield was the controlling officer of Meridian Glass for a time, and failed to pay over to the IRS taxes withheld from the pay of Meridian Glass's employees. As a result, Mr. Maxfield is liable under 26 U.S.C. § 6672 for a penalty equal to the amount of the tax that was not paid—in this case, $54,800.00.[2]

The question of whether Meridian Glass might be able to pay all of the withholding taxes is not relevant to Mr. Maxfield's liability for a 100% penalty for failing to pay the taxes in the first instance. However, there is authority that liability under section 6672 is merely a means by which the IRS can recover the amount of the unpaid tax, and is not otherwise a penalty; thus, the IRS is limited to a single recovery.

*Gens v. United States*, 615 F.2d 1335, 1339–40 & n. 7, 222 Ct.Cl. 407 (1980); *Carlucci v. United States*, 793 F.Supp. 482, 484 (S.D.N.Y.1992).

■ Assuming *arguendo* that the IRS cannot recover both the tax (from Meridian Glass) and the penalty (from Mr. Maxfield), the amount of the debt nonetheless counts toward the section 109(e) limitation. The debtors contend the debt should be counted as secured, not unsecured, debt, because the IRS allegedly holds a security interest in assets of Meridian Glass. This contention is incorrect. Section 506 provides that

> [a]n allowed claim of a creditor secured by a lien on property *in which the estate has an interest*, ... is a secured claim to the extent of the value of such creditor's interest *in the estate's interest* in such property, ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.

11 U.S.C. § 506(a) (emphasis added). The IRS's claim is not secured by a lien on property in which the debtors have an interest; it is secured, if at all, by property owned by Meridian Glass. Because the IRS does not have a security interest in property of the debtors, its claim is unsecured with regard to the bankruptcy estate. *See In re Tomlinson*, 116 B.R. 80 (Bankr.E.D.Mich.1990).

In *Tomlinson*, the debtor and her husband had signed a promissory note to a creditor, secured by their house. The debtor and her husband were subsequently divorced, and the debtor quitclaimed her interest in the house to her husband. The debtor then filed a petition under chapter 13, and argued that the debt should be considered secured for the purpose of section 109(e). The court held, under section 506(a), that the debt was an unsecured claim so far as the debtor was concerned.

---

**2.** Section 6672 provides in part:
   (a) General rule.—Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the

payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over....

26 U.S.C. § 6672(a).

"Because the Debtor quit-claimed her interest in the mortgaged home prior to filing for bankruptcy, the estate's interest in the residence is nil. Accordingly, the Bank's interest in the estate's interest in such real estate is also nil, and the Bank's claim in this estate is wholly unsecured." 116 B.R. at 82.

■ The debtor also argues the debt is contingent as to whether it is secured, because of the dispute between the IRS and another secured creditor. A debt is contingent if it "is 'one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor.'" *Fostvedt v. Dow (In re Fostvedt)*, 823 F.2d 305, 306 (9th Cir.1987) (quoting *Brockenbrough v. Commissioner*, 61 B.R. 685, 686 (W.D.Va. 1986)). In *Fostvedt*, the chapter 13 debtor was jointly and severally liable with three other parties on two promissory notes for approximately $170,000. The debtor contended that his liability was both unliquidated and contingent, because it was not clear how much of the debt would be paid by the other obligors. The Ninth Circuit rejected this argument. The debt was liquidated, because the debtor was legally liable for the full amount of the notes regardless of the possibility of payment by the other obligors. 823 F.2d at 306. Because no extrinsic act or event was necessary to trigger the debtor's liability, the debt was also noncontingent. 823 F.2d at 306–07.

■ This District has held that there is no requirement for the IRS to collect from the corporation before seeking section 6672 penalties from a corporate officer.

Plaintiff's position that the IRS's failure to seek payment from Viking Mechanical, Inc., before collecting from the corporate officer is void of any legal authority. In fact, courts have specifically found that the IRS does not have a duty to act as a collection agency for those such as plaintiff.... Other courts have held that it is unnecessary for the government even to attempt collection from the corporate employer before asserting the personal liability of the responsible persons.... Moreover, under 26 U.S.C. § 6672 it has been clearly established that the liability of a person responsible for collecting and paying over federal employment taxes is totally *independent* of the corporation's obligation to pay over the employee's withholdings to the government....

*Peterson v. United States*, 728 F.Supp. 624, 625 (D.Idaho 1989) (citations omitted) (emphasis in original). Numerous cases have found unsecured section 6672 obligations to apply toward the $100,000 limit, based upon the independent nature of the liability. *In re Stinchfield*, 126 B.R. 251 (Bankr.E.D.Tex.1990); *Turchon v. United States*, 77 B.R. 398 (E.D.N.Y.1987), *aff'd without op.*, 841 F.2d 1116 (2d Cir.1988); *Brockenbrough v. Commissioner*, 61 B.R. 685 (W.D.Va.1986).

This case is comparable to the facts of *Fostvedt*. As previously discussed, there is no obligation on the IRS to seek payment of the taxes from the corporation prior to assessing Mr. Maxfield for section 6672 penalties. Regardless of whether the IRS holds a security interest against Meridian Glass covering the taxes at issue, no extrinsic act or event is necessary to hold Mr. Maxfield liable under section 6672. *Fostvedt, supra*, 823 F.2d at 306. Further, any security interest the IRS might have in the assets of Meridian Glass would not render the debt "secured" as to the debtors. *See* discussion *supra*. Mr. Maxfield's section 6672 liability is therefore not contingent as to whether it is secured.

Because the debtors have more than $100,000 in unsecured, liquidated, noncontingent debt, they are not eligible for relief under chapter 13. Pursuant to the parties' stipulation, debtors will be permitted the opportunity to convert their case to chapter 11.

A separate order will be entered granting the IRS's motion to dismiss.