BRANCH BANKING & TRUST COMPANY, Appellant,

v.

C. Mark RUSSELL, Pamela A. Russell, Appellees.

No. 5:95–CV–501–BR.

United States District Court, E.D. North Carolina, Western Division.

Nov. 17, 1995.

---

Edward Johnston Harper, II, Greenville, NC, for appellant.

John P. Simpson, Morehead City, NC, for appellees.

*ORDER*

BRITT, District Judge.

This case is before the court on Branch Banking & Trust Company's ("BB & T") appeal from a decision of the bankruptcy court overruling its objection to confirmation of the Russells' Chapter 13 plan. For the reasons discussed below, the decision of the bankruptcy court is affirmed.

### I. *Background*

BB & T loaned money to The Charter Restaurant, Inc. ("Charter"), a wholly-owned corporation of the Russells. The loans were secured by real and personal property owned by Charter. Later, the Russells signed the obligations as additional borrowers. The Russells then filed for Chapter 13 bankruptcy. They listed the Charter loan on their Schedule D as secured debt in the amount of $371,258.60.

BB & T objected to confirmation of the Russell's Chapter 13 plan on grounds that the Charter loan was unsecured and that therefore the Russells had unsecured debt exceeding the statutory limits for Chapter 13

eligibility. The bankruptcy court overruled BB & T's objection to confirmation. This appeal followed.

### II. *Standard of Review*

The court reviews the bankruptcy court's legal conclusions *de novo*. *Umholtz v. Brady,* 169 B.R. 569, 572 (E.D.N.C.1993), *aff'd,* 27 F.3d 564 (4th Cir.1994).

### III. *Analysis*

At issue in this case is whether the loan, which is secured by Charter's assets and not the Russell's, is a "secured debt" for purposes of determining the Russell's Chapter 13 eligibility.

To be eligible to become a debtor under Chapter 13, an individual must have less than $250,000 of unsecured debt and less than $750,000 of secured debt. 11 U.S.C. § 109(e) (1995 Supp.). The Bankruptcy Code does not define the terms "secured debt" and "unsecured debt." "Debt," however, is defined as "liability on a claim." *Id.* at § 101(12). And "claim" is defined as a "right to payment." *Id.* at § 101(5). A claim is a "secured" one "to the extent of the value of such creditor's interest in the estate's interest [in the property securing the lien]." *Id.* at § 506(a).

In support of its argument that the loan is unsecured, BB & T argues that the terms "debt" and "claim" are coextensive and that "secured debt" should be defined, like "secured claim," with reference to "the extent of the value of such creditor's interest in the estate's interest [in the property securing the lien]." BB & T argues that since the collateral is owned by Charter and not the Russells, the Russells have no "interest" in the collateral and therefore the loans are unsecured.

The court agrees with BB & T that the term "secured debt" should be defined with reference to "the extent of the value of such creditor's interest in the estate's interest [in the property securing the lien]." This conclusion is consistent with the Supreme Court's decision in *Pennsylvania Department of Public Welfare v. Davenport,* 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990). In *Davenport,* the Court stated:

> Our construction of the term "debt" is guided by the fundamental canon that stat-

utory interpretation begins with the language of the statute itself. Section 101(11) of the Bankruptcy Code defines "debt" as a "liability on a claim." This definition reveals Congress' intent that the meanings of "debt" and "claim" be coextensive.

*Id.* at 557–58, 110 S.Ct. at 2130 (citation omitted).[1] *See also In re Tomlinson,* 116 B.R. 80 (Bankr.E.D.Mich.1990) (rejecting argument that a claim secured by property not owned by the debtor is a secured claim for purposes of determining Chapter 13 eligibility). *But see In re Belknap,* 174 B.R. 182, 183 (Bankr.W.D.N.Y.1994) ("A secured debt is simply a debt which is secured by property. The court finds no basis to infer a requirement that the property belong to the debtor."). The court disagrees with BB & T, however, with regard to whether the Russells have an "interest" in the collateral. Since Charter is a wholly-owned corporation of the Russells, the court finds that the Russells have an interest in Charter's assets. The debt, therefore, is secured.

For these reasons, the decision of the bankruptcy court is AFFIRMED.

---

1. Although the result in *Davenport* was subsequently overruled by statute, *see* Criminal Victims Protection Act of 1990, Pub.L. 101–581, § 3, 104 Stat. 2865, its holding regarding the defini-
tion of "claim" remains undisturbed. *Johnson v. Home State Bank,* 501 U.S. 78, 83 n. 4, 111 S.Ct. 2150, 2154 n. 4, 115 L.Ed.2d 66 (1991).