In re Joseph M. MARTZ, Debtor.

No. 02–31967.

United States Bankruptcy Court,
N.D. Ohio.

Oct. 17, 2002.

Steven L. Diller, Van Wert, OH, for debtor.

## DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after a Hearing on the Trustee's Motion to Dismiss, and the Debtor's objection thereto. At issue in this case is whether the Debtor's unsecured debts exceed the monetary limit for a Chapter 13 case as set forth in 11 U.S.C. § 109(e) of the Bankruptcy Code. As it concerns this matter, these particular facts are not in dispute:

On March 29, 2002, the Debtor filed a petition in this Court for relief under Chapter 13 of the United States Bankruptcy Code. In his bankruptcy petition, the Debtor listed a total of Three Hundred Thirty-one Thousand Five Hundred Thirty-eight and 78/100 dollars ($331,538.78) in unsecured debt. In part, this debt was comprised of the following obligations:

An unsecured claim of $105,259.12 to Huntington Bank. This claim, on which the Debtor's wife is a cosignatory, is secured by a first mortgage on the Debtor's residence which is owned solely by the Debtor's spouse. The value of this property is approximately $130,000.00.

An unsecured claim of $72,000.00, which was executed as a guaranty on a business debt. This claim, like the previous claim, is also supported by the signature of the Debtor's spouse.

An unsecured debt of $139,229.66 to First Federal Bank of Midwest. Also liable on this debt are certain business partners of the Debtor.

None of the above debts were listed in the Debtor's bankruptcy petition as either contingent or unliquidated.

In addition to the above unsecured debts, the Debtor also listed one secured claim for Fifty-nine Thousand Six Hundred Forty-one and 25/100 dollars ($59,-641.25). According to the Debtor, this obligation, which was cosigned by the Debtor's wife, was comprised of a lien on stock issued by certain closely-held corporations; the value of this stock was listed as $0.00.

## LEGAL DISCUSSION

Section 109(e) of the Bankruptcy Code provides:

Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $290,525 and noncontingent, liquidated, secured debts of less than $871,550, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $290,525 and noncontingent, liquidated, secured debts of less than $871,550 may be a debtor under chapter 13 of this title.

The purpose of this section is to provide individual debtors and sole proprietors with the opportunity to equitably reorganize their debts in a less cumbersome manner than that provided in a Chapter 11 reorganization. H.R.Rep. No. 595, 95th Cong., 1st Sess. 320 (1977), reprinted in 1978 U.S.Code Cong. & Admin.News, pp. 5787, 5963, 6277. As it relates to the monetary limitations set forth in § 109(e), the Debtor, although not disputing that his enumerated unsecured debts exceed the limit set forth in the statute, raises what are essentially two different arguments to support his position that he is entitled to be a Chapter 13 debtor. First, the Debtor

argues that because many of his unsecured debts are joint debts, such debts qualify as contingent within the meaning of § 109(e), and thus are not included within the ceiling for unsecured debts as set forth in the statute. Second, the Debtor asserts that one of his debts—specifically the debt co-signed by his wife and secured against his residence—should be found to be a secured debt because although he does not own the residence, he has a dower interest in the property under Ohio law. The Court will now address each of these arguments in order.

 For purposes of § 109(e), a contingent debt may be defined as "one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor." *Fostvedt v. Dow (In re Fostvedt),* 823 F.2d 305, 306 (9th Cir.1987). The quintessential type of debt that meets this definition is the guaranty, because in such an arrangement the guarantor has no liability unless and until the principal defaults. *In re Pennypacker,* 115 B.R. 504, 507 (Bankr. E.D.Pa.1990). Analogously then, the Debtor takes the position that joint debts, in which one party may end up paying the whole debt, should also be considered contingent debts. All the reported cases, however, when confronted with this issue have, on one basis or another, squarely rejected it.[1] Such a position makes sense for a couple of reasons.

First, unlike a guaranty in which the guarantor at the time of the transaction is not certain of his or her liability, the liability of a debtor on a joint debt is not dependent upon the occurrence of any further act. In this regard, it has been held that debts of a contractual nature—i.e., claims

for goods or services—are not, by this fact alone, contingent for purposes of § 109(e). *In re Michaelsen,* 74 B.R. 245, 249–50 (Bankr.D.Nev.1987); *In re Pennypacker,* 115 B.R. at 507 (Bankr.E.D.Pa.1990). In fact, it has been held that liability on a contract is "noncontingent" once the contract is made, even if liability is subject to being avoided by some later occurrence. *In re Albano,* 55 B.R. 363, 366–67 (N.D.Ill. 1985). Similarly, it is also well established that the mere fact that a claim has not been reduced to judgment does thereby render that claim contingent. *See In re Dill,* 30 B.R. 546, 549 (9th Cir. BAP 1983), *aff'd,* 731 F.2d 629 (9th Cir.1984).

Secondly, it is axiomatic that many debtors in bankruptcy have a significant amount of debt on which another party is also liable. Thus, to accept the Debtor's argument—and find that all joint debts are contingent for purposes of § 109(e)— would greatly expand the ceiling for unsecured debts as set forth in the statute. Section 109(e), however, was clearly not meant for such a purpose. In fact, it is clear that § 109(e)'s noncontingent requirement was intended to restrict, rather than expand, the class of debtors eligible for a Chapter 13 relief. Accordingly, for these reasons, the Court cannot find that the Debtors' joint debts are contingent as applied to § 109(e)'s eligibility requirement for a Chapter 13 case.

 The second argument the Debtor puts forth concerning his entitlement to relief under Chapter 13 of the United States Bankruptcy Code revolves around the classification of the debt held by Huntington Bank which is secured against his residence. As it pertains to this debt, the Debtor had listed the obligation in his

---

1. *Fostvedt v. Dow (In re Fostvedt),* 823 F.2d 305, 306 (9th Cir.1987); *In re Marchetto,* 24 B.R. 967, 969 (1st Cir. BAP 1982); *In re*

*Geller,* 96 B.R. 564 (Bankr.E.D.Pa.1989); *Shelton v. Correa (In re Correa),* 15 B.R. 195 (Bankr.D.Md.1981).

bankruptcy petition as unsecured because his wife is the sole owner of the property. The Debtor, however, now contends that this debt is secured on account of his dower interest in the property. Accordingly, the Debtor maintains that this debt should be excluded from the unsecured debt ceiling set forth in § 109(e).

Under Ohio law, dower is a statutory right, and is defined as "an estate for life in one third of the real property of which the consort was seized as an estate of inheritance at any time during the marriage." O.R.C. § 2103.02. It is recognized that a spouse's right to dower confers upon that spouse a cognizable interest in the real estate owned by the other spouse. *See Airlines Reporting Corp. v. Lambert (In re Lambert)*, 57 B.R. 710, 712 (Bankr. N.D.Ohio 1986). As such, upon filing for bankruptcy relief, the limited interest a debtor-spouse has in real estate by virtue of his or her dower interest will pass to the bankruptcy estate. *Id.* To determine whether that interest will, for purposes of § 109(e), be considered secured, § 506 of the Bankruptcy Code is controlling. *In re Tomlinson*, 116 B.R. 80, 81–82 (Bankr. E.D.Mich.1990).

Section 506(a) of the Bankruptcy Code provides, in pertinent part:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so sub-

ject to setoff is less than the amount of such allowed claim.

Thus, based upon the above language, a determination as to how much of a claim is secured, requires examining "the extent of the value of such creditor's interest in the estate's interest in such property ...." Stated in simpler terms, a secured claim will only be recognized up to the value that the bankruptcy estate has an interest in the subject property. In this regard, it is abundantly clear that a spouse's dower interest, although inchoate, is capable of a present day valuation. *In re Hill*, 11 B.R. 217 (Bankr.S.D.Ohio 1981); *In re Miller*, 151 B.R. 800, 802 (Bankr.N.D.Ohio 1992). Sections 2103.041, 2131.01, and 5731.01(B) of the Ohio Revised Code set forth that this value should be ascertained by "the price at which such property would change hands between a willing buyer and a willing seller[.]"

As applied to this case, it is apparent that given that the Debtor's interest in the subject property is a dower interest, which only becomes vested in the surviving spouse upon the death of the other spouse,[2] factors involving the age and health of the Debtor's spouse would be very relevant in making any determination of value. No such evidence of this nature, however, has been presented to the Court. Nevertheless, considering that a dower interest is limited to a one-third interest in a spouse's property, it then logically follows that at most the Debtor's interest in the subject real estate is worth just over $43,000.00; that is, one-third of the $130,000.00 value figure attached to the property by the Debtor. However, such an amount, given the inchoate nature of a dower interest, would only be attainable if death was imminent for the Debtor's

---

**2.** *See Ogan v. Ogan,* 122 Ohio App.3d 580, 585, 702 N.E.2d 472, 474 (Ohio Ct.App.1997), holding that "during the lifetime of both spouses, dower is a contingent inchoate right that becomes vested in the surviving spouse only upon the death of the other spouse."

spouse, a fact which fortunately does not seem to be the situation in the instant case. Thus, in all likelihood the actual value of the Debtor's interest in the subject property,—and hence the amount of the Debtor's secured claim—is considerably less than $43,000.00. As such, the Court cannot find that the Debtor's unsecured claim of $105,259.12 to Huntington Bank should be reclassified as a secured claim in an amount sufficient to enable the Debtor to fall under the debt ceiling of $290,525.00 as set forth in § 109(e)—i.e., a secured claim of at least $41,013.78 considering that the Debtor's total unsecured debt presently stands at $331,538.78.

However, even if for argumentative sake the Debtor could reclassify at least $41,013.78 of his unsecured debt to Huntington Bank as secured, an additional problem still exists with the extent of the Debtor's unsecured debt. In particular, the Debtor's bankruptcy schedules reveal that the property securing his sole secured debt of $59,641.25 has a value of $0.00. Thus, pursuant to the standard set forth above in § 506(a), this claim should, for purposes of § 109(e), be reclassified as completely unsecured, thereby offsetting any benefit that would be gained by the Debtor reclassifying a portion of his debt to Huntington Bank as secured. *See In re Geyer,* 203 B.R. 726, 729 (Bankr.S.D.Cal. 1996) (holding that where the estate's interest in the property is zero, the claim is completely unsecured). As a result, regardless of the Debtor's dower interest, the Debtor's unsecured obligations will not fall below the debt ceiling set forth in § 109(e).

Accordingly, for the above reasons, it is the conclusion of this Court that the Debtor's unsecured debts exceed the debt limit provided for in 11 U.S.C. § 109(e). As such, the Debtor is not entitled to be a debtor under Chapter 13 of the United States Bankruptcy Code. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

***ORDERED*** that the Chapter 13 case filed by the Debtor, Joseph M. Martz, be, and is hereby, DISMISSED.