**In re Ernest L. LEVINE, Debtor.**

**GLENVIEW STATE BANK, Plaintiff,**

v.

**Ernest L. LEVINE, Defendant.**

**No. 80 C 3369.**

United States District Court,
N. D. Illinois, E. D.

Dec. 31, 1980.

E. K. Huszagh, Glenview, Ill., for plaintiff.

Edgar A. Blumenfeld, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Debtor Ernest L. Levine ("Levine") filed this appeal from Bankruptcy Judge Eisen's April 29, 1980 order (the "Order") converting Levine's petition under Chapter 13 of the Bankruptcy Code to a proceeding under Chapter 11. Levine claims that Judge Eisen abused his discretion by (1) ordering the conversion even though no such relief had been requested by any of Levine's creditors, (2) failing to afford Levine a full hearing prior to the conversion and (3) basing his decision wholly on the fact that the Trustee appointed under Chapter 13 was burdened by a high number of cases. Based only on the second of those grounds, this Court vacates the Order and directs the Bankruptcy Court to proceed with a hearing.

### Facts

Levine, engaged in business as a sole proprietor, filed a petition under Chapter 13

of the Bankruptcy Code on November 20, 1979 claiming that his income was sufficiently stable to make payments under a Chapter 13 plan. Sometime after February 13, 1980 and pursuant to two meetings with various of his creditors, Levine submitted his plan to the Chapter 13 Trustee for this District, Craig Phelps ("Phelps").

On March 20, 1980 Glenview State Bank ("Bank"), which claims to have a secured interest in all of Levine's equipment, filed a complaint requesting that the Bankruptcy Court enter an order "A. Converting this matter to a proceeding under Chapter 7 of the Bankruptcy Act, pursuant to Sec. 1307(c), or in the alternative B. Dismissing the case." In a hand written addition to the complaint dated April 14, 1980 and signed by E. K. Huszagh, Bank's attorney, the Bank also requested "C. . . . such other relief as the court may deem appropriate." Bank's complaint was predicated on its allegation that at a September 7, 1979 inspection of Levine's premises, Levine had failed to account for $88,000 worth of inventory[1] that Bank discovered in a later inspection on February 28, 1980. Bank alleges the inventory bore tags designating it as the property of "Decorator Carpets," an Illinois corporation of which Levine is President and owner and of whose existence Bank was unaware before the second inspection. In requesting the conversion to Chapter 7 Bank claimed that Levine had "disposed and will continue to dispose of assets of the estate to the substantial detriment of the Creditors" absent Court supervision, as evidenced by his conduct regarding the Decorator Carpets inventory.

Levine filed a motion to strike and dismiss Bank's complaint, alleging that it failed to state a cause of action upon which relief could be granted.[2] Levine, Bank, two other creditors and Phelps appeared before Judge Eisen on April 22, 1980 for a hearing on Levine's motion, and to continue the hearing on confirmation of Levine's proposed Chapter 13 plan. During the course of that hearing, Judge Eisen first suggested that conversion to Chapter 11 might be appropriate:

> 1307(d) says that the Court on request of a party in interest, may convert the case to a Chapter Eleven case. It seems to me that maybe we have got a situation here, owing to the fact or due to the fact that the Chapter Thirteen Trustee is really not in a position to properly take over the assets of this estate, even though he is the trustee in the case, in order to conserve them for both the rehabilitation of the Debtor and for the benefit of creditors, that it may be that a Chapter Eleven conversion would be appropriate.

At that point discussion focused on two issues: the administrative feasibility of the Chapter 13 Trustee handling the Levine case and whether the circumstances set forth in the complaint and elaborated on orally by counsel for the creditors merited creditor participation, under either Chapter 7 or 11, in the resolution of Levine's financial difficulties. Judge Eisen concluded that conversion to Chapter 11 had effectively been requested in the complaint by the "such other relief" addition of Paragraph C and indicated he would enter an order so converting the case effective April 29, 1980, "subject to any authority [Levine] . . . can submit in the interim." Levine's motion to strike and dismiss the complaint was denied.

On April 24 Levine's counsel appeared before Judge Eisen and requested leave to file an answer to the complaint and that Judge Eisen set the matter for trial pursuant to Rule 13–701(a) (emphasis added):

> Adversary Proceedings. Part VII of the Bankruptcy Rules governs any proceeding instituted by a party before a bank-

---

1. Levine's inventory apparently was to serve as collateral for a loan extended to Levine by Bank.

2. Levine contended that Bank's complaint must be dismissed because it failed to set forth one of the seven conditions for conversion of a Chapter 13 petition enumerated in 11 U.S.C. § 1307(c). That claim is plainly untenable because the list of conditions is expressly non-exclusive, although it is true that Bank's complaint does not charge the same type of debtor conduct as the enumerated items.

ruptcy judge in a Chapter 13 case to (1) recover money or property other than a proceeding under Rule 13–210 or Rule 13–602, (2) determine the validity, priority, or extent of a lien or other interest in property, (3) sell property free of a lien or other interest for which the holder can be compelled to take a money satisfaction, (4) object to or revoke a discharge, (5) obtain an injunction, (6) obtain relief from a stay as provided in Rule 13–401, (7) *object to confirmation of a plan on the ground that the debtor has committed any act or failed to perform any duty which would be a bar to the discharge of the bankrupt,* (8) revoke the confirmation of a plan, or (9) determine the dischargeability of a debt. Such a proceeding shall be known as an adversary proceeding.

Judge Eisen denied the motion for a trial, concluding that the matter before him was not a Rule 13–701 adversary proceeding. Rather, he held, it was a request for a conversion to Chapter 11 prior to confirmation of a debtor's plan pursuant to 11 U.S.C. § 1307(d), *for which only notice and a hearing was required.* Furthermore he determined that the April 22, proceeding had satisfied the Section 1307(d) notice and hearing requirement:

> [T]here was no hearing on the complaint to answer that kind of thing, no. But there was a hearing as is required and necessary for the purposes of Section 1307 D . . . . It [i. e. the request for conversion] could have been on a motion. You're talking about the adversary rule. The requested relief even though filed in the form of a complaint could have been filed in the form of a motion, and we've had sufficient, I think hearing, for purposes of the motion and the kind of relief requested in adversary proceedings as to require an answer and discovery and so on, is not present in this particular case.

Finally, on April 29 the parties again appeared before Judge Eisen, at which time Levine's counsel suggested that rather than convert the action to a proceeding under Chapter 11, Judge Eisen should appoint a Special Trustee under Chapter 13 and that:

> the [Special] Trustee be charged with the task, as he normally is, of inquiring into the facts and that a report be made to your Honor. If at that time, predicated on the report of that Trustee, it appears to your Honor that an XI is advisable, then your Honor certainly would have the right . . . to enter such an order converting this from an XIII to an XI.

Judge Eisen concluded that he was without authority to appoint a special trustee. Levine made no substantive arguments respecting the proposed conversion, and Judge Eisen entered the order converting Levine's petition to a proceeding under Chapter 11.

### Applicability of Rule 13–701

Rule 13–701 requires that under any of nine enumerated circumstances, proceedings "instituted by a party before a bankruptcy judge in a Chapter 13 case" must be conducted in compliance with Part VII of the Bankruptcy Rules. Part VII establishes extensive procedures for the disposition of disputes that, as both Bank and Judge Eisen have acknowledged, were not followed in the conversion of Levine's case to Chapter 11. Judge Eisen concluded that the less extensive procedural directive of 11 U.S.C. § 1307 governed disposition of the Bank's complaint (emphasis added):

> . . . at any time before the confirmation of a plan under section 1325 of this title [a Chapter XIII plan], on request of a party in interest and *after notice and a hearing,* the court may convert a case under this chapter to a case under chapter 11 of this plan.

Accordingly, the threshold issue on appeal is whether Rule 13–701 or Section 1307 was applicable to the conversion proceeding.

Subsection (a)(7) of Rule 13–701 renders Part VII of the Bankruptcy Rules applicable in any Chapter 13 proceeding to "object to confirmation of a plan on the ground that the debtor has committed any act or failed to perform any duty which would be a bar to the discharge of the bankrupt." That provision aptly describes Bank's complaint, even though it does not in terms

allege fraud on Levine's part. Its allegations respecting the Decorator Carpets inventory problem, as well as certain statements of Bank's counsel in the hearings before Judge Eisen, plainly imply that Levine has acted improperly, thereby justifying conversion that would facilitate greater Court and creditor supervision over the administration of his estate or alternatively justifying dismissal of the case.

█ Material fraud by the debtor in connection with bankruptcy proceedings of course operates as a "bar to the discharge of the bankrupt," and a discharge under Chapter 13 may be revoked upon discovery of fraud during the adjustment of debts period. 11 U.S.C. § 1328(e). Absence of express allegations of fraud in the Bank's complaint does not prevent this Court from recognizing the complaint's pervasive and clear implication that Levine acted deceptively in connection with this proceeding. Indeed, that was the obvious basis for the complaint's alternative prayer for dismissal of the case. Rule 13–701 properly allows a party full opportunity to refute charges of impropriety that will affect disposition of his estate.

This Court's interpretation of Rule 13–701(a)(7) still gives full scope to Section 1307. Each of its seven enumerated items is of course "cause" within that Section. Moreover, there may be many other situations in which a creditor disputes the propriety of allowing the debtor the latitude to administer his estate that Chapter 13 affords, but does not allege improper actions on the part of the debtor.[3]

█ In such event the notice and hearing requirements of Section 1307 will apply. Here, however, Levine was entitled to the more extensive procedural protections required under Rule 13–701, protections that by the Court's own admission were not afforded him.

### Conclusion

This Court vacates the Bankruptcy Court's order of April 29, 1980 converting

Ernest Levine's petition under Chapter 11, and that Court is hereby directed to proceed in accordance with Rule 13–701. Because this Court's ruling on the applicability of that Rule disposes of the appeal fully, it is unnecessary to consider Levine's remaining arguments respecting notice and hearing under Section 1307.

---

3. For example, in a Section 1307 hearing the creditor may dispute that the debtor has sufficiently stable income to make payments under a Chapter 13 plan.