**In re Steven A. KAZIS, Debtor.**

**No. 99–44257–JBR.**

United States Bankruptcy Court,
D. Massachusetts.

Dec. 15, 2000.

Richard Askenase, Charlestown, MA, for Steven A. Kazis, debtor.

Joanne Psilos, Worcester, MA, for Denise Pappalardo, Chapter 13 Trustee.

### MEMORANDUM OF DECISION

JOEL B. ROSENTHAL, Bankruptcy Judge.

Mr. Steven Kazis, ("the Debtor"), filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on June 25, 1999. For the reasons set forth herein, on September 22, 2000, this Court entered an order *sua sponte* converting this matter to a case under Chapter 11 and directed that a Trustee be appointed. The Chapter 13 Trustee had filed a Motion to Dismiss the case on March 9, 2000. The hearing on the Trustee's Motion was continued by the parties several times and was ultimately scheduled to be heard on September 22, 2000. Before the Court for hearing and determination on September 22, 2000 was the Chapter 13 Trustee's Motion to Dismiss the Debtor's Chapter 13 case as well as the Debtor's Motion to File a First Amended Chapter 13 Plan. No confirmation order of Debtor's Chapter 13 Plan had entered as of September 22, 2000.

### I. Facts of the Case:

The Trustee's Motion to Dismiss was predicated on the Debtor's failure to provide the Chapter 13 Trustee with (i) a Business Schedule J, (ii) amended personal Schedules I and J, (iii) evidence of insurance on the Debtor's real property, (iv) state and federal income tax returns for 1999, and (v) evidence of payment of current payroll and sales taxes. At argument the Trustee explained that her concerns extended to the Debtor's cash flow reports and his ability to pay all appropriate taxes (real estate, sales, and payroll) insofar as, despite repeated requests, the Trustee had only received such reports the day before the hearing on September 22, 2000. Furthermore, the Trustee alleged that the Debtor was two months in arrears on his plan payments to the Chapter 13 Trustee.

Debtor's Counsel agreed that the Debtor was in arrears to the Trustee by at least one payment and acknowledged that the real estate taxes on the Debtor's property were unpaid for the first two quarters of the year. According to the Debtor's Schedule A, the Debtor's real property located at 17 Haven Street in Framingham, Massachusetts was used by the Debtor for the operation of a business as well as his residence. Debtor's counsel acknowledged at argument that the Debtor was in the fur sales and storage business but had not paid any sales or payroll taxes during the pendency of the case (well over a year). Debtor's Counsel ascribed this to the seasonality of the fur business and the Debtor's past practice of having paid his taxes at the end of previous years. Fur-

ther, Debtor's counsel explained to the Court that the Debtor would be unable to pay his post-petition tax obligations until November/December 2000, despite his acknowledgment that the Debtor was continuing to operate and taxes were continuing to accrue. Debtor's counsel advised this Court that the Debtor was operating at his original location of 17 Haven Street in Framingham, Massachusetts and was in the process of opening a new location at 370 Boston Turnpike in Shrewsbury, Massachusetts. Debtor's Counsel offered no explanation of the source of the capital or operating cash funding the new business location. However, Debtor's Counsel stated that the Debtor did not want his case converted to Chapter 7.

At the conclusion of the hearing, rather than dismiss the case or convert it to Chapter 7 against the Debtor's wishes, the Court converted the case *sua sponte* for cause to a case under Chapter 11 and also directed that the Office of the United States Trustee appoint a Chapter 11 Trustee immediately to take control of the Debtor's business.

## II. *Discussion:*

11 U.S.C. § 1307(d) provides:

"Except [in the case of a farmer debtor who does not request conversion], at any time before the confirmation of a plan under section 1325 of this title, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 or 12 of this title."

11 U.S.C. § 1307(d).

 In the case at bar, no party, including the Chapter 13 Trustee, requested conversion of the case.[1] In fact, the Debtor explicitly requested at oral argument that his case not be converted to Chapter 7 liquidation. This was true despite the fact

that all of the involved parties, including the Debtor's Counsel, recognized the extensive failure of the Debtor to operate his fur sales and storage business in accordance with the law while enjoying bankruptcy protection. In cases such as this, Section 105(a) of the Bankruptcy Code (as amended in 1986 for the clarification of the court's *sua sponte* powers) gives the Court discretion in the implementation of the meaning and spirit of the entire Bankruptcy Code, including Section 1307(d).

11 U.S.C. § 105(a) states:

"The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

11 U.S.C. § 105(a).

"[W]hile the code does not expressly prescribe for *sua sponte* dismissal or conversion ... the 1986 amendment to section 105(a) accommodates such a result." *In re Hammers*, 988 F.2d 32, 34–35 (5th Cir. 1993). Although the *Hammers* court dealt only with dismissal of a case on Section 109(e) eligibility grounds, and not conversion to another chapter of the Bankruptcy Code, other courts have found its decision "clearly meant to endorse a court's *sua sponte* power with respect to both options under section 1307(c)—the option to dismiss or convert. It is also unlikely that the statute would allow a court to grant dismissal on its own motion but not the less drastic measure of conversion." *Toles v. Powers*, 1999 WL 1261453 (N.D.Tex. Dec.28, 1999) (NO. 3:99–CV–1517–G). The *Toles* case concerned a Section 1307(c) conversion of the debtor's case from Chapter 13 to Chapter 7, although the reason-

---

1. Although a Motion to Dismiss or, in the Alternative, to Convert the case could have been filed and would have been entertained

by the Court, the only pending Motion requested dismissal of the case.

ing is clearly applicable to the facts of the case at hand. *Toles v. Powers*, 1999 WL 1261453.

Other courts have entertained the proposition of conversion or dismissal of a Chapter 13 case to another chapter of the bankruptcy code, including Chapter 11. It has been found that a Court may, although is not required to, act *sua sponte* pursuant to Section 1307(d). "On appeal, the debtor presented the additional argument that the Bankruptcy Court erred in not allowing him to convert to a Chapter 11 (11 U.S.C. § 1101, et seq.) proceeding as allowed by 11 U.S.C. § 1307(d). However, it appears from the record before this court that no such request was made and the Bankruptcy Court had no obligation to act *sua sponte*." *Brockenbrough v. Commissioner, Internal Revenue Service*, 61 B.R. 685, 687, 14 Bankr.Ct.Dec. 1154, Bankr. L.Rep.P 71, 067 (W.D.Va.1986).

Prior to the amendment of Section 105(a), it was true that "[c]onversion from Chapter 13 to Chapter 11 [was] also left to the discretion of the court, provided that, as in this case, the Chapter 13 plan has not yet been confirmed. 11 U.S.C. section 1307(d)." *In re Hebb*, 53 B.R. 1003, 1006 (D.Md.1985) (distinguished on other grounds by *In re Warner*, 94 B.R. 734 (M.D.Fla.1988)). Historically a debtor has been entitled to a full hearing and opportunity to refute the allegations giving rise to a bankruptcy judge's decision of whether or not to convert a case from Chapter 13 to Chapter 11. *In re Levine*, 8 B.R. 281 (N.D.Ill.1980). In the case at bar, governed by the 1986 amendments to Section 105(a), the Debtor also had a full opportunity to explain the circumstances of his case to the Court. The Debtor was present in court with his counsel and in fact was given the opportunity to discuss his options with Counsel during a recess after hearing the Court's concerns over the Debtor's operating practices. However, the more the Court heard about the case at bar, the more convinced the Court became of the need for conversion so that the

Debtor's desire that his business continue to operate would be accommodated while the creditors would be protected, at least to some extent, by the watchful eye of a Chapter 11 Trustee. *See Fukutomi v. United States Trustee (In re Bibo, Inc.)*, 76 F.3d 256, 258 (9th Cir.) cert. denied, 519 U.S. 817, 117 S.Ct. 69, 136 L.Ed.2d 29 (1996) (bankruptcy court is permitted under Section 105 to *sua sponte* appoint a trustee).

III. *Conclusion:*

█ The facts of the case at hand reflect a situation where a Chapter 13 debtor operating a business under the umbrella of Chapter 13 who used the benefits of bankruptcy protection to build his business, but failed in the payment of necessary operating costs such as insurance, as well as income, payroll, sales, and real estate taxes. The Court finds that the Debtor's acknowledged abuses in failing to remain current with payments under his proposed Chapter 13 plan, failing to even make deposits against accruing tax debts for which the Debtor is a trustee, as well as other abuses, constituted cause for conversion of the case to Chapter 11 under 11 U.S.C. Section 1307. Such abuse of the Bankruptcy Code by a Chapter 13 Debtor operating an ongoing business should always be of immediate concern to a diligent Chapter 13 Trustee.

The Court was convinced that, as argued by Debtor's Counsel on September 22, 2000 "[T]his is a fur business, and the busiest season starts around October 15th, or whenever the weather gets cold, which it has not been yet, through the end—through about mid-January, and that's where he gets flush with cash in the business and he makes the payroll tax, makes the sales tax, and so forth like that." Tr. at 6–7. The Court anticipated that conversion to Chapter 11 reorganization in the hands of a Trustee who may be successful in the organization of the business would be in the best interests of the entire bankruptcy estate. This Court therefore con-

verted the case to Chapter 11 and the Office of the United States Trustee was directed to appoint a Chapter 11 Trustee.

An Order in conformance herewith was entered on September 22, 2000.