**In re Steven A. KAZIS, Debtor.**

**No. 99–44257–JBR.**

United States Bankruptcy Court,
D. Massachusetts.

Jan. 11, 2001.

John F. Cullen, Boston, MA, for Steven A. Kazis, debtor.

Mark S. Foss, Worcester, MA, for Stephan M. Rodolakis, Chapter 7 Trustee.

John S. Rodman, Boston, MA, for Joseph Leonard Furs, Inc.

Steven Munier, Worcester, MA, for Office of the U.S. Trustee.

### MEMORANDUM OF DECISION

JOEL B. ROSENTHAL, Bankruptcy Judge.

#### I. Procedural Posture:

On September 22, 2000, this Court entered an Order converting the above captioned case from Chapter 13 to a case under Chapter 11 and further directed that a Chapter 11 Trustee be appointed. *In re Kazis*, 256 B.R. 242 (Bankr.D.Mass. 2000). It was the Court's hope that by converting the Debtor's case the Debtor's

business could be saved and reorganized under the supervision of a Chapter 11 Trustee. However, on September 29, 2000 the Chapter 11 Trustee moved to convert the Debtor's case to Chapter 7, reporting to the Court that reorganization was not possible. No party objected to the Chapter 11 Trustee's motion, and on October 2, 2000 the Court converted the case as requested. The Chapter 11 Trustee was then appointed as Chapter 7 Trustee (hereinafter "the Trustee"). The Trustee then filed a "Motion For Order Authorizing Sale at Public Auction of All the Debtor's Inventory of Fur Coats, Jackets and Accessories, Free and Clear of All Liens, Claims, Encumbrances and Other Interests" (hereinafter the "Motion to Sell") and an Objection thereto was filed by creditor Joseph Leonard Furs, Inc. Additionally, a Limited Objection was filed by the Debtor. The Court conducted an initial hearing on these matters on December 15, 2000 at which time the Court heard from the Trustee, Debtor's counsel and counsel for the objecting creditor with regard to the sale method chosen by the Trustee. At that time the Court Ordered the Trustee to consider different methods of liquidating fur inventory and various accompanying concerns and continued the matter to December 28, 2000. At the continued hearing the parties indicated that they wished to discuss the possibility of reopening the business. Therefore the matter was continued to January 5, 2001 for a status conference at which time the Trustee withdrew his Motion to Sell and filed an Assented to Motion for Authority to Operate the Debtor's Business for Purposes of Conducting an Inventory Reduction Sale along with an Application to Employ Paul Nordberg to Manage the Operations of the Debtor's Business. The Trustee Moved for Emergency Determination of the two motions, which was granted and set down for hearing for January 10, 2001. Those motions are therefore before the Court today.

## II. Discussion:

The Court's initial concerns in this case, as described *In re Kazis,* 256 B.R. 242 (Bankr.D.Mass.2000), were with regard to the Debtor's operating procedures under Chapter 13. Once the case was convert to Chapter 11 and then to Chapter 7 and the businesses inventory was determined to have considerable value, probably significantly in excess of the amount necessary to satisfy all claimants, the Court's concern became the best method of liquidating the inventory, including the possible use of professional liquidators and/or an inventory reduction sale.

"11 U.S.C. § 704 Duties of trustee.

The trustee shall—

(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;

(2) be accountable for all property received;

(3) ensure that the debtor shall perform his intention as specified in section 521(2)(B) of this title;

(4) investigate the financial affairs of the debtor;

(5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper;

(6) if advisable, oppose the discharge of the debtor;

(7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;

(8) if the business of the debtor is authorized to be operated, file with the court, with the United States trustee, and with any governmental unit charged with responsibility for collection or determination of any tax arising out of such operation, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and

such other information as the United States trustee or the court requires; and

(9) make a final report and file a final account of the administration of the estate with the court and with the United States trustee."

11 U.S.C. § 704.

 It is clear that upon conversion to Chapter 7, the Debtor's business was no longer authorized to be conducted by the Trustee, however, the Trustee was responsible, in accordance with § 704, to collect and reduce to money the property of the estate and to close the estate as expeditiously as is compatible with the best interests of parties in interest. The Trustee in this case argued that the standard with regard to how to liquidate the inventory is expedience and/or convenience. The language in § 704 regarding the Trustee's collection and reduction to money of the property of the estate is a separate clause from that concerning the closing of the estate expeditiously. In this case all parties agree that there will likely be assets returned to the Debtor under 11 U.S.C. § 726(a)(6). The Debtor in this case is therefore clearly a party in interest as the holder of some amount of unencumbered equity in the inventory. Parties in interest include not only the debtor, but anyone who has a legally protected interest that could be affected by a bankruptcy proceeding. See In re FBN Food Servs., Inc., 82 F.3d 1387, 1391 (7th Cir.1996). Therefore the Trustee should and ultimately did take into account the Debtor's equity within his consideration of the entire case and with regard to how the inventory should best be sold to satisfy the claims of the creditors.

### III. Conclusion:

 The Court finds that liquidation at retail is the appropriate method of disposition of this inventory. Trustees must understand that acceptance of conventional and expedient methods does not necessarily fulfill their fiduciary duty to the parties in interest of the estate. The Trustee also owes a duty to the Debtor to maximize value, particularly here where there is a real chance that all creditors may be paid in full and the Debtor may receive funds back.

For all of the foregoing reasons the Trustee's Assented to Motion for Authority to Operate the Debtor's Business for Purposes of Conducting an Inventory Reduction Sale and the Trustee's Application to Employ Paul Nordberg to Manage the Operations of the Debtor's Business are hereby allowed.

An Order in conformance herewith has entered.